THE STATE, EX REL. B. F. GOODRICH CHEMICAL DIV., ET AL.; B. F. GOODRICH CO., APPELLANT, *v.* GRIFFIN, JUDGE, APPELLEE.

[Cite as State, ex rel. B. F. Goodrich, v. Griffin (1979), 59 Ohio St. 2d 59.]

(No. 78-1280—Decided July 18, 1979.)

*Messrs. Jones, Day, Reavis & Pogue, Mr. Victor E. De-Marco* and *Mr. Irving Berger*, for appellant.

*Mr. John T. Corrigan*, prosecuting attorney, and *Mr. Jeffrey I. Sherwin*, for appellee.

*Per Curiam.* The case most nearly apposite to the instant cause, and relied upon by appellant, is *State, ex rel. Allied Chemical Corp.,* v. *Earhart* (1974), 37 Ohio St. 2d 153, in which this court reiterated the three criteria necessary for issuance of a writ of prohibition as stated in *State, ex rel. Northern Ohio. Tel. Co.,* v. *Winter* (1970), 23 Ohio St. 2d 6, 8. *Allied Chemical* involved, among other matters, a wrongful death action against a complying employer, in which the trial court had overruled Allied Chemical's motion to dismiss for failure to state a claim upon which re-relief could be granted. This court found that the lower court was in error in entertaining the suit and, also stated, at page 156:

"* * * *Northern Ohio Telephone Co.* requires that 're-fusal of the writ will result in injury for which there is no adequate remedy.' Although we have generally held that

prohibition may not be used as a substitute for appeal, a recognized exception to this rule is found in *State, ex rel. Adams, v. Gusweiler* (1972), 30 Ohio St. 2d 326, 329, 285 N. E. 2d 22, as follows:

"'If an inferior court is without jurisdiction whatsoever to act, the availability or adequacy of a remedy of appeal to prevent the resulting injustice is immaterial to the exercise of supervisory jurisdiction by a superior court to prevent usurpation of jurisdiction by an inferior court.'"

This cause however, is distinguishable from *Allied Chemical, supra,* in that the respondent judge herein has stated that he is permitting discovery in order that he might determine if he has jurisdiction. This court will not assume that the trial court will make an incorrect decision concerning this threshold question.

Accordingly, the judgment of the Court of Appeals dismissing the complaint in prohibition is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, SWEENEY and LOCHER, JJ., concur.

P. BROWN and HOLMES, JJ., dissent.

HOLMES, J., dissenting. I must dissent in that it is my belief that the trial court has no jurisdiction to hear this wrongful death claim. The jurisdiction of this claim is wholly within the Industrial Commission, and any other proceeding is barred by Section 35 of Article II of the Ohio Constitution.

Judicial economy would dictate that this cause be dismissed. Therefore, I would reverse the judgment of the Court of Appeals.

P. BROWN, J., concurs in the foregoing dissenting opinion.