[THE STATE, EX REL.] CUYAHOGA COUNTY BOARD OF COMMISSIONERS,
APPELLANT, *v.* STATE PERSONNEL BOARD OF REVIEW, APPELLEE.

[Cite as State, ex rel. Cuyahoga Cty. Bd. of Commrs., *v.*
State Personnel Bd. of Review (1989), 42 Ohio St. 3d 73.]

(No. 88-202—Submitted February 8, 1989—Decided April 19, 1989.)

*Thompson, Hine, & Flory,* William C. Moul, William R. Case, Keith A. Ashmus, John T. Corrigan, prosecuting attorney, *Kevin Purcell* and *Richard A. Wise,* for appellant.

Anthony J. Celebrezze, Jr., attorney general, and *Theodore Scott, Jr.,* for appellee.

*Per Curiam.* A writ of prohibition will not issue unless relator establishes that the court or officer against whom it is sought is about to exercise judicial or quasi-judicial power, the exercise of such power is unauthorized by law, and it will result in injury for which no other adequate remedy exists. *State, ex rel. Yates,* v. *Court of Appeals for Montgomery Cty.* (1987), 32 Ohio St. 3d 30, 33, 512 N.E. 2d 343, 346; *Bobb* v. *Marchant* (1984), 14 Ohio St. 3d 1, 3, 14 OBR 1, 2, 469 N.E. 2d 847, 849; *State, ex rel. Flower,* v. *Rocker* (1977), 52 Ohio St. 2d 160, 162, 6 O.O. 3d 375, 376, 370 N.E. 2d 479, 480.

Here, the county alleged that the SPBR was about to exercise unlawful quasi-judicial authority and that this would cause the county irreparable harm. However, because the SPBR may ultimately find that it has no jurisdiction, the county cannot show that it *will* be injured if a writ of prohibition is denied. Indeed, if the SPBR finds jurisdiction to be absent and dismisses the pertinent cases, the county would not want even to consider an appeal. In this sense, the county's complaint was "premature," and we find that the court of appeals properly dismissed it on this basis.

Our conclusion makes it unnecessary to decide whether the county will have no adequate remedy at law if the SPBR decides the question of jurisdiction adversely to it. The county asks us to assume how the SPBR will resolve the issue. However, in *State, ex rel. B.F. Goodrich,* v. *Griffin* (1979), 59 Ohio St. 2d 59, 13 O.O. 3d 55, 391 N.E. 2d 1018, we refused to make a similar assumption prior to a common pleas court's ruling on facts relating to its jurisdiction. We find *Griffin* sufficient authority for us to refuse to make the assumption needed to reach the county's claim here.

For these reasons, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.