[THE STATE, EX REL.] INDEPENDENCE LOCAL SCHOOL DISTRICT BOARD
OF EDUCATION, *v.* STATE EMPLOYMENT RELATIONS BOARD ET AL.

[Cite as *State, ex rel. Independence Local School Dist. Bd. of Edn.,
v. State Emp. Relations Bd.* (1991), 62 Ohio St.3d 134.]

(No. 90–1403—Submitted September 10, 1991—Decided November 15, 1991.)

*Weston, Hurd, Fallon, Paisley & Howley, Mary A. Lentz* and *David W. Leopold,* for relator.

*Lee I. Fisher,* Attorney General, and *Joseph M. Oser,* for respondent.

*Green, Haines, Sgambati, Murphy & Macala Co., L.P.A., Ronald G. Macala, Kathleen K. McKinley* and *Cornelius J. Baasten,* for intervenor.

DOUGLAS, J. R.C. 4117.07 addresses the filing with respondent of a petition for representation election and provides, in part:

"(A) When a petition is filed, in accordance with rules prescribed by the state employment relations board:

"(1) By any employee or group of employees, or any individual or employee organization acting in their behalf, alleging that at least thirty per cent of the employees in an appropriate unit wish to be represented for collective bargaining by an exclusive representative, * * * the board shall investigate the petition, and if it has reasonable cause to believe that a question of representation exists, provide for an appropriate hearing upon due notice to the parties[.]"

R.C. 4117.07(A)(1) clearly authorizes and, indeed, requires respondent to provide for a hearing on an election petition when there is "reasonable cause" to believe that a question of representation exists.

For a writ of prohibition to issue, we must find (1) that the court or officer against whom the writ is sought is about to exercise judicial or quasi-judicial power, (2) that the exercise of such power is unauthorized by law, and (3) that denying the writ would cause injury for which there is no other adequate remedy in the ordinary course of law. *State, ex rel. Tollis, v. Cuyahoga Cty. Court of Appeals* (1988), 40 Ohio St.3d 145, 147, 532 N.E.2d 727, 729.

In the case at bar, relator claims that the evidence before respondent during its investigation of the election petition shows that Mize, Hudak and Vincenti were not employees of relator following the 1988–1989 school year and were otherwise not entitled to representation. Specifically, relator claims that no question of representation exists and that, therefore, R.C. 4117.07(A)(1) does not authorize respondent to entertain the election petition. Further, relator claims that it will suffer irreparable harm if a writ of prohibition is not issued.

While we believe that the second prong of the requirements for a writ of prohibition (exercise of power that is unauthorized by law) has not been satisfied by relator, clearly the third prong (injury and no other adequate remedy) has *not* been met by relator. Relator has failed to show that it will suffer injury if a writ of prohibition is denied. Respondent, after conducting a hearing, may ultimately dismiss the election petition, concluding that no actual question of representation exists. As respondent has yet to reach a final determination as to whether a question of representation exists, relator cannot show that it will suffer injury if a writ of prohibition is denied. In reaching this conclusion, we are persuaded by our decision in *State, ex rel. Cuyahoga Cty. Bd. of Commrs., v. State Personnel Bd. of Review* (1989), 42 Ohio St.3d 73, 537 N.E.2d 212, wherein we declined to issue a writ of prohibition under analogous circumstances.

Accordingly, we deny the writ.

*Writ denied.*

SWEENEY, H. BROWN and RESNICK, JJ., concur.

WRIGHT, J., concurs separately.

MOYER, C.J., and HOLMES, J., dissent.

WRIGHT, J., concurring. I concur in the result reached by the majority, but I write separately to clarify what I believe our role in this matter should be. I agree that relator has not demonstrated that it will be injured if the writ does not issue. Moreover, I agree that if relator ultimately demonstrates injury, it will have an adequate remedy at law. I do not, however, accept the holding that relator has not demonstrated that the exercise of jurisdiction by SERB is unauthorized by law. That simply is not an issue we need to decide. We

should defer to SERB to allow it to determine its own jurisdiction; we should not implicitly suggest what result it should reach.

HOLMES, J., dissenting. As an administrative agency of the state and a creation of the General Assembly, the State Employment Relations Board ("SERB") has only that jurisdiction specifically provided by R.C. Chapter 4117 concerning its authority and powers regarding representative elections.

R.C. 4117.07(A)(1) sets forth that a representation election petition, if filed, shall be in accordance with rules prescribed by SERB and shall be filed by any employee or group of employees, or by any individual or employee organization acting on behalf of the petitioning employees. The statutory prerequisite to any further proceeding by SERB is that the individuals who are the subject of the proposed election be employees of the public employer. Once the employee status has been determined by SERB, through preliminary investigation, R.C. 4117.07(A)(1) provides further that a hearing on the question of representation take place.

If the individuals are not employees of the public employer, as in the present matter, then SERB's jurisdiction abruptly ceases. Any hearing on the question of representation regarding non-employees of the relator Independence Local School District Board of Education cannot take place since it is beyond the jurisdiction of SERB.

During the investigatory stage prior to issuing the determination of probable cause and hearing directive, SERB was provided with overwhelming data and evidence that the three tutors were not employees of the relator and were in fact employees of the Cuyahoga County School District Board of Education, a separate and distinct political subdivision of the state of Ohio. The relator had filed motions to dismiss with SERB, as well as evidentiary proof in support of those motions. In its supplemental brief in support of motion to dismiss reinstated petition for representation election filed with SERB during the investigative stage of the election petition, the relator informed SERB of its lack of jurisdiction and the non-employee status of the three tutors.

At a regular meeting of the relator on April 18, 1989, the limited contracts of the three tutors in issue (Norene Mize, Annette Hudak and Lucia Vincenti) were non-renewed. Relator's treasurer, Louis Vetter, by letter of April 19, 1989, notified all three of the non-renewal action by relator of their limited contracts.

Mize, Hudak and Vincenti then became employees of the Cuyahoga County Board of Education for the ensuing two school years. Mize, however, resigned from employment with the Cuyahoga County Board of Education when she moved to Las Vegas, Nevada, in the fall of 1990.

In addition to the statutory prerequisite, Ohio Adm.Code 4117–5–01(A) provides further that a petition for representation election may be filed only by an employee or groups of employees. Pursuant to Ohio Adm.Code 4117–5–04(A), SERB should have dismissed the election petition once it had been apprised that none of the three tutors was an employee of the relator.

In *Ohio Dept. of Adm. Serv., Office of Collective Bargaining v. State Emp. Relations Bd.* (1990), 54 Ohio St.3d 48, 51, 52, 562 N.E.2d 125, 129, the court stated that:

" * * * [A] superior court will afford an inferior court the opportunity to decide its own jurisdiction before granting an extraordinary writ * * *, but where the court, in deciding its own jurisdiction attempts to confer jurisdiction upon itself where in fact no jurisdiction whatsoever exists, such an improper assumption of jurisdiction is a usurpation of judicial power * * *."

No jurisdiction exists in SERB to even entertain or consider any further the representation issue. SERB was presented with proof of the non-employment status of the three tutors. As a result of its investigatory proceedings, SERB was fully aware of the non-employment status of the three individuals, yet proceeded to set a hearing regardless.

R.C. 4117.06 and 4117.07 outline the authority and procedures to be used by SERB for determining the appropriate bargaining unit and during representation election. The language of R.C. 4117.07 when read *in pari materia* with R.C. 4117.06 grants SERB the authority to review election petitions filed by any employee or group of employees of the petitioned employer. Ohio Adm.Code 4117–5–01(A) similarly limits SERB's jurisdiction to hear election petitions.

SERB has wrongfully determined that it has the requisite jurisdiction to entertain the election petition filed by non-employees of the relator. When there is no jurisdiction whatsoever to act, as in the present case, the availability of a remedy of appeal is immaterial. *State, ex rel. Adams, v. Gusweiler* (1972), 30 Ohio St.2d 326, 59 O.O.2d 387, 285 N.E.2d 22.

Therefore, it should be concluded that SERB has no authority to act in this matter, and that a writ should issue to prohibit SERB from conducting any further proceedings.

MOYER, C.J., concurs in the foregoing dissenting opinion.