THE STATE EX REL. LTV STEEL COMPANY *v.* ORYSHKEWYCH ET AL.

[Cite as *State ex rel. LTV Steel Co. v. Oryshkewych*
(1992), 65 Ohio St.3d 462.]

(No. 92–1285—Submitted November 24, 1992—Decided December 11, 1992.)

*Willacy & LoPresti, Aubrey B. Willacy* and *Keith Ganther,* for relator.

*Lee I. Fisher,* Attorney General, and *Gerald H. Waterman,* Assistant Attorney General, for respondents Oryshkewych, Brown, Chinnock, members of Cleveland Regional Board of Review, the regional board and the Industrial Commission.

*Patrick J. Alcox,* for respondent Dennison.

*Per Curiam.* Ohio Civ.R. 56(C)'s application to this case requires relator to establish, among other things, an entitlement to a writ of prohibition as a matter of law. This includes demonstrating that denial of the writ "would cause injury for which there is no other adequate remedy in the ordinary course of law." *State ex rel. Independence Local School Dist. Bd. of Edn. v. State Emp. Relations Bd.* (1991), 62 Ohio St.3d 134, 136, 580 N.E.2d 430, 431. Because relator cannot establish imminent injury or the unavailability of an adequate legal remedy, we overrule relator's motion for summary judgment. Moreover, given the facts of this case, we find it unnecessary to postpone a decision on the merits of relator's request for a writ of prohibition.

Contrary to relator's representation, the presence of an R.C. 4123.519 appeal—if the commission rules adversely to relator—is an adequate and available remedy. This case, moreover, does not fall within the class of cases typified by *State ex rel. Adams v. Gusweiler* (1972), 30 Ohio St.2d 326, 59 O.O.2d 387, 285 N.E.2d 22, where the presence of an adequate remedy at law was ruled immaterial, where an inferior court was without jurisdiction to act.

Relator has also failed to show that it *will* be harmed if no writ issues. Both the district hearing officer and regional board found that they lacked jurisdiction to consider the widow's death-benefit request on the merits. The commission, if the widow's appeal is allowed to proceed, may well reach the same conclusion. Under similar circumstances, we denied a writ of prohibition, stating:

"Because the SPBR [State Personnel Board of Review] may ultimately find that it has no jurisdiction, the county cannot show that it *will* be injured if a writ of prohibition is denied. Indeed, if the SPBR finds jurisdiction to be absent and dismisses the pertinent cases, the county would not even want to consider an appeal." (Emphasis *sic.*) *State ex rel. Cuyahoga Cty. Bd. of Commrs. v. State Personnel Bd. of Review* (1989), 42 Ohio St.3d 73, 74, 537 N.E.2d 212, 214.

As we commented in that case, the relator-county board of commissioners was essentially asking that we "assume how the SPBR will resolve the issue." *Id.* Relator makes the same request here and, once again, we decline to speculate as to the administrative decision that may ensue.

We also note that the only impending "injury" alleged by relator, if the writ is denied, is the extra expense that it will incur in continuing to oppose the widow's action. This factor, however, does not constitute an "injury" sufficient to justify a writ of prohibition. See *State ex rel. Cleveland Trust Co. v. Pethtel* (1940), 137 Ohio St. 525, 19 O.O. 240, 30 N.E.2d 991; *State ex rel. Caley v. Tax Commr.* (1934), 129 Ohio St. 83, 1 O.O. 415, 193 N.E. 751.

Relator cannot use prohibition to circumvent the appeal process. *State ex rel. Gilla v. Fellerhoff* (1975), 44 Ohio St.2d 86, 73 O.O.2d 328, 338 N.E.2d 522.

For the reasons given above, we overrule the relator's motion for summary judgment and deny the writ of prohibition.

*Motion overruled*
*and writ denied.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT and RESNICK, JJ., concur.

H. BROWN, J., not participating.