[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 450.]

THE STATE EX REL. HUNTER, JUDGE, APPELLANT, *v*. SUMMIT COUNTY HUMAN

RESOURCE COMMISSION, APPELLEE.

[Cite as *State ex rel. Hunter v. Summit Cty. Human Resource Comm.*,

**1998-Ohio-614.**]

*Prohibition to prevent Summit County Human Resource Commission from proceeding with unclassified juvenile court employees' appeal of their job terminations—Writ granted when commission lacks jurisdiction over employees' appeal.*

(No. 97-1002—Submitted March 3, 1998—Decided April 22, 1998.)

APPEAL from the Court of Appeals for Summit County, No. 18397.

———————————

{¶ 1} In January 1997, appellant, Judith L. Hunter, commenced her term as judge of the Summit County Court of Common Pleas, Juvenile Division. Judge Hunter discharged six juvenile court employees. The employees appealed their job terminations to appellee, Summit County Human Resource Commission ("commission").

{¶ 2} Under Section 6.05, Article VI of the Summit County Charter, the commission has the responsibility for the "resolution or disposition of all personnel matters, with authority to appoint hearing officers to hear all employee appeals previously under the jurisdiction of the State Personnel Board of Review." The commission administers a county employee classification system that does not cover "those [county] employees in positions designated as unclassified by general law." Section 6.04, Article VI, Summit County Charter. The Summit County Human Resource Commission Rules provide that no classified employee may be terminated except for just cause or as otherwise provided by the rules (Section 19.01), and that unclassified employees include "[a]ny position designated as

unclassified, or at-will, under any federal or state statute, other than the now inapplicable RC [Chapter] 124 [Section 9.03(G)]."

{¶ 3} The commission scheduled the discharged juvenile court employees' appeal for a hearing and referred to these employees as classified employees. In March 1997, Judge Hunter filed a complaint in the Court of Appeals for Summit County for a writ of prohibition to prevent the commission from exercising jurisdiction over the appeal. The court of appeals granted the commission's Civ.R. 12(B)(6) motion and dismissed Judge Hunter's complaint.

{¶ 4} This cause is now before the court upon an appeal as of right.

———————————

*Maureen O' Connor*, Summit County Prosecuting Attorney, *William E. Schultz* and *Christopher C. Esker*, Assistant Prosecuting Attorneys, for appellant.

*Squire, Sanders & Dempsey L.L.P.*, *David J. Millstone* and *Loren L. Braverman*, for appellee.

———————————

***Per Curiam.***

{¶ 5} Judge Hunter asserts in her sole proposition of law that the court of appeals erred by dismissing her prohibition action because the commission patently and unambiguously lacks jurisdiction over the discharged employees' appeal. In order to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt that relator can prove no set of facts warranting relief, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in relator's favor. *State ex rel. Findlay Publishing Co. v. Schroeder* (1996), 76 Ohio St.3d 580, 581, 669 N.E.2d 835, 837.

{¶ 6} Judge Hunter seeks a writ of prohibition to prevent the commission from proceeding with the juvenile court employees' appeal. Judge Hunter would be entitled to the requested writ of prohibition if she established (1) that the commission is about to exercise judicial or quasi-judicial power, (2) that the

exercise of that power is unauthorized by law, and (3) that the denial of the writ will result in injury for which no other adequate remedy exists in the ordinary course of law. *Whitehall ex rel. Wolfe v. Ohio Civ. Rights Comm.* (1995), 74 Ohio St.3d 120, 121, 656 N.E.2d 684, 686. Judge Hunter alleged and the commission conceded that it is about to exercise quasi-judicial power in hearing the juvenile court employees' appeal.

{¶ 7} Regarding the remaining requirements for a writ of prohibition, in general, absent a patent and unambiguous lack of jurisdiction, a tribunal having general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging the tribunal's jurisdiction has an adequate remedy by appeal. See *State ex rel. Fraternal Order of Police, Ohio Labor Council, Inc. v. Franklin Cty. Court of Common Pleas* (1996), 76 Ohio St.3d 287, 289, 667 N.E.2d 929, 931. If, however, the tribunal patently and unambiguously lacks jurisdiction over the matter, prohibition will lie to prevent the unauthorized exercise of jurisdiction. *State ex rel. Litty v. Leskovyansky* (1996), 77 Ohio St.3d 97, 98, 671 N.E.2d 236, 238.

{¶ 8} The court of appeals determined that Judge Hunter could not establish the second and third requirements for a writ of prohibition because the commission had not yet determined whether it had jurisdiction over the juvenile court employees' appeal. The court of appeals relied on *State ex rel. Cuyahoga Cty. Bd. of Commrs. v. State Personnel Bd. of Review* (1989), 42 Ohio St.3d 73, 74, 537 N.E.2d 212, 214, where we held:

"Here, the county alleged that the SPBR was about to exercise unlawful quasi-judicial authority and that this would cause the county irreparable harm. However, because the SPBR may ultimately find that it has no jurisdiction, the county cannot show that it *will* be injured if a writ of prohibition is denied. Indeed, if the SPBR finds jurisdiction to be absent and dismisses the pertinent cases, the county would not want even to consider an appeal. In this sense, the county's

complaint was 'premature,' and we find that the court of appeals properly dismissed it on this basis.

"Our conclusion makes it unnecessary to decide whether the county will have no adequate remedy at law if the SPBR decides the question of jurisdiction adversely to it. The county asks us to assume how the SPBR will resolve the issue. However, in *State, ex rel. B.F. Goodrich, v. Griffin* (1979), 59 Ohio St.2d 59, 13 O.O.3d 55, 391 N.E.2d 1018, we refused to make a similar assumption prior to a common pleas court's ruling on facts relating to its jurisdiction. We find *Griffin* sufficient authority for us to refuse to make the assumption needed to reach the county's claim here." See, also, *State ex rel. LTV Steel Co. v. Oryshkewych* (1992), 65 Ohio St.3d 462, 463, 605 N.E.2d 30, 31; *State ex rel. Independence Local School Dist. Bd. of Edn. v. State Emp. Relations Bd.* (1991), 62 Ohio St.3d 134, 136, 580 N.E.2d 430, 432.

{¶ 9} Nevertheless, none of the foregoing cases involved a patent and unambiguous lack of jurisdiction. If there is a patent and unambiguous lack of jurisdiction, Judge Hunter's complaint is not premature. In other words, when a tribunal patently and unambiguously lacks jurisdiction to consider a matter, a writ of prohibition will issue to prevent assumption of jurisdiction regardless of whether the tribunal has ruled on the question of its jurisdiction. *State ex rel. Barclays Bank PLC v. Hamilton Cty. Court of Common Pleas* (1996), 74 Ohio St.3d 536, 541, 660 N.E.2d 458, 462; *State ex rel. Rice v. McGrath* (1991), 62 Ohio St.3d 70, 71, 577 N.E.2d 1100, 1101; *State ex rel. Albright v. Delaware Cty. Court of Common Pleas* (1991), 60 Ohio St.3d 40, 41, 572 N.E.2d 1387, 1388; *Ohio Dept. of Adm. Serv., Office of Collective Bargaining v. State Emp. Relations Bd.* (1990), 54 Ohio St.3d 48, 562 N.E.2d 125, syllabus.

{¶ 10} Therefore, the dispositive issue is whether the commission patently and unambiguously lacks jurisdiction over the discharged employees' appeal. The

commission concedes on appeal that if the discharged employees are unclassified or at will, it lacks jurisdiction over their appeal:

"Section 6.04, Article VI, of the Charter and Commission Rule 19 confer jurisdiction on the Commission only over matters of discharge over employees who are in the *classified* civil service. Commission Rule 9.03(G) defines the unclassified service to include '*any position designated as unclassified, or at-will*, under *any* federal or *state statute*, other than the now inapplicable RC [Chapter] 124.' "

{¶ 11} R.C. 2301.03(I)(2) provides that the Summit County Court of Common Pleas Juvenile Division Judge "shall be, and have the powers and jurisdiction of, the juvenile judge as provided in Chapter 2151. of the Revised Code" and "shall have charge of the employment, assignment, and supervision of the personnel of the juvenile division." R.C. 2151.13 provides that juvenile court judges "may appoint such bailiffs, probation officers, and other employees as are necessary" and that "[s]uch employees shall serve during the pleasure of the judge."

{¶ 12} Under R.C. 2301.03(I)(2) and 2151.13, juvenile court employees are at-will employees who are unclassified employees under the commission's own rules. An unclassified employee is appointed at the discretion of the appointing authority and serves at the pleasure of such authority. See *Lee v. Cuyahoga Cty. Court of Common Pleas* (1991), 76 Ohio App.3d 620, 622-623, 602 N.E.2d 761, 763 (Court employees who serve at pleasure of court are unclassified employees who have no vested property interest in continued employment.); *Peters v. Jackson* (1995), 100 Ohio App.3d 302, 311, 653 N.E.2d 1238, 1244, quoting *Schack v. Geneva Civ. Serv. Comm.* (1993), 86 Ohio App.3d 689, 694, 621 N.E.2d 788, 791 (Unclassified employees serve at the pleasure of the appointing power and are not entitled to civil service protection.).

{¶ 13} Based on the foregoing, after construing the allegations of Judge Hunter's complaint most strongly in her favor, it is not beyond doubt that Hunter

can prove no set of facts entitling her to the requested extraordinary relief in prohibition. The court of appeals thus erred in concluding otherwise and granting the commission's Civ.R. 12(B)(6) motion to dismiss.

{¶ 14} Normally, reversal of a court of appeals' erroneous dismissal of a complaint requires a remand for further proceedings. See *State ex rel. Rogers v. Brown* (1997), 80 Ohio St.3d 408, 410-411, 686 N.E.2d 1126, 1128. If the parties, however, are in agreement about the pertinent facts, we can exercise our plenary authority in extraordinary actions and address the merits. *State ex rel. Kaylor v. Bruening* (1997), 80 Ohio St.3d 142, 147, 684 N.E.2d 1228, 1233. Here, based on the commission's admission that it lacks jurisdiction over the juvenile court employees' appeal if they are unclassified employees and R.C. 2301.03(I)(2) and 2151.13 and the commission's own rules providing that they are unclassified employees, the commission patently and unambiguously lacks jurisdiction over the employees' appeal. Prohibition should therefore issue despite the commission's failure yet to rule on this jurisdictional issue. *State ex rel. Barclays Bank PLC* and *Ohio Dept. of Adm. Serv., Office of Collective Bargaining*.

{¶ 15} Accordingly, we reverse the judgment of the court of appeals and issue a writ of prohibition preventing the commission from proceeding with the juvenile court employees' appeal.[1]

*Judgment reversed*
*and writ granted.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————

1. By so holding, we need not consider Judge Hunter's remaining claimed jurisdictional issues, *i.e.*, the lack of a county council ordinance establishing the commission's policies, separation of powers, etc.