[This opinion has been published in *Ohio Official Reports* at 82 Ohio St.3d 496.]

THE STATE EX REL. CUYAHOGA COUNTY, APPELLANT, *v.* STATE PERSONNEL BOARD OF REVIEW ET AL., APPELLEES.

[Cite as *State ex rel. Cuyahoga Cty. v. State Personnel Bd. of Review*, 1998-Ohio-191.]

*Prohibition to prevent State Personnel Board of Review from proceeding with county employee's appeal of her job termination—Writ granted when board patently and unambiguously lacks jurisdiction over employee's appeal.*

(No. 97-1960—Submitted June 9, 1998—Decided August 5, 1998.)

APPEAL from the Court of Appeals for Franklin County, No. 97APD04-467.

————————————

{¶ 1} Appellant, Cuyahoga County, discharged Ann M. Cicchella from her employment with the county in the second half of her probationary period. Cicchella appealed her termination to appellee State Personnel Board of Review ("SPBR"), claiming the whistleblower protection of R.C. 124.341. SPBR assigned the case to appellee, SPBR Administrative Law Judge Jeannette E. Gunn. Cuyahoga County argued before appellees that SPBR lacked jurisdiction over the case because Cicchella was not a "state employee" entitled to invoke the jurisdiction of SPBR under R.C. 124.341. Gunn rejected the county's request, and SPBR subsequently denied the county's motion to review its jurisdictional contention. SPBR noted that it would not consider the jurisdictional issue until there had been an evidentiary hearing in the case. Appellees set a new hearing date of October 1997.

{¶ 2} In April 1997, Cuyahoga County filed a complaint with the Court of Appeals for Franklin County. In its complaint, as subsequently amended, Cuyahoga County requested a writ of prohibition to prevent SPBR and Gunn from proceeding

to exercise jurisdiction in the Cicchella case. The court of appeals subsequently granted appellees' Civ.R. 12(B)(6) motion and dismissed the county's amended complaint. The court of appeals held that "until the SPBR issues a decision as to whether jurisdiction exists, we find the writ seeking prohibition premature."

{¶ 3} This cause is now before the court upon an appeal as of right.

———————————

*Stephanie Tubbs Jones*, Cuyahoga County Prosecuting Attorney, and *Steven W. Ritz*, Assistant Prosecuting Attorney, for appellant.

*Betty D. Montgomery*, Attorney General, and *Peter M. Thomas*, Assistant Attorney General, for appellees.

———————————

**Per Curiam.**

{¶ 4} Cuyahoga County asserts in its propositions of law that the court of appeals erred in dismissing its amended complaint for a writ of prohibition. The court of appeals concluded that the county's amended complaint failed to state a claim upon which relief can be granted. In order to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt that relator can prove no set of facts warranting relief, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in relator's favor. *State ex rel. Findlay Publishing Co. v. Schroeder* (1996), 76 Ohio St.3d 580, 581, 669 N.E.2d 835, 837.

{¶ 5} Cuyahoga County seeks a writ of prohibition to prevent SPBR and its ALJ from proceeding with Cicchella's appeal. The court of appeals held that the county could not establish their entitlement to the requested writ because SPBR had not finally ruled on the jurisdictional issue, rendering relief in prohibition premature. The court of appeals relied on one of its previous appellate opinions, which we affirmed in *State ex rel. Cuyahoga Cty. Bd. of Commrs. v. State Personnel Bd. of Review* (1989), 42 Ohio St.3d 73, 537 N.E.2d 212.

**{¶ 6}** The court of appeals, however, erred in concluding that the county's prohibition action was premature.  As we recently held, neither *Cuyahoga Cty. Bd. of Commrs.* nor any of the other cases cited by appellees involved a patent and unambiguous lack of jurisdiction.  *State ex rel. Hunter v. Summit Cty. Human Resource Comm.* (1998), 81 Ohio St.3d 450, 452, 692 N.E.2d 185, 187.  "[W]hen a tribunal patently and unambiguously lacks jurisdiction to consider a matter, a writ of prohibition will issue to prevent assumption of jurisdiction regardless of whether the tribunal has ruled on the question of its jurisdiction."  *Id.*; *State ex rel. Barclays Bank PLC v. Hamilton Cty. Court of Common Pleas* (1996), 74 Ohio St.3d 536, 541, 660 N.E.2d 458, 462; *State ex rel. Rice v. McGrath* (1991), 62 Ohio St.3d 70, 71, 577 N.E.2d 1100, 1101; *Ohio Dept. of Adm. Serv., Office of Collective Bargaining v. State Emp. Relations Bd.* (1990), 54 Ohio St.3d 48, 562 N.E.2d 125, syllabus.[1]

**{¶ 7}** Therefore, the dispositive issue is whether SPBR and its ALJ patently and unambiguously lacked jurisdiction over the discharged county employee's R.C. 124.341 appeal.  R.C. 124.341 provides:

"(A) If a *state employee in the classified or unclassified civil service* becomes aware in the course of his employment of a violation of state or federal statutes, rules, or regulations or the misuse of public resources, and the employee's supervisor or appointing authority has authority to correct the violation or misuse,

---

1.  Following the submission of merit briefs, appellees filed a motion to dismiss this appeal.  Appellees contend that they have now exercised jurisdiction by determining the merits of the underlying termination appeal and that Cuyahoga County is thus no longer entitled to a writ of prohibition.

Appellees' motion, however, lacks merit.  As we held in rejecting a similar contention that a writ of prohibition would not issue where a respondent judge already completed the judicial act sought to be prevented, "where an inferior court patently and unambiguously lacks jurisdiction over the cause, prohibition will lie both to prevent the future unauthorized exercise of jurisdiction *and to correct the results of the previous jurisdictionally unauthorized actions*." (Emphasis added.)  *State ex rel. Litty v. Leskovyansky* (1996), 77 Ohio St.3d 97, 98, 671 N.E.2d 236, 238; see, also, *State ex rel. Adams v. Gusweiler* (1972), 30 Ohio St.2d 326, 329-330, 59 O.O.2d 387, 389, 285 N.E.2d 22, 24.

the employee may file a written report identifying the violation or misuse with his supervisor or appointing authority.

"If the employee reasonably believes that a violation or misuse of public resources is a criminal offense, the employee, in addition to or instead of filing a written report with the supervisor or appointing authority, may report it to a prosecuting attorney, director of law, village solicitor, or similar chief legal officer of a municipal corporation, to a peace officer, as defined in section 2935.01 of the Revised Code, or if the violation or misuse of public resources is within the jurisdiction of the inspector general, to the inspector general in accordance with section 121.46 of the Revised Code.  In addition to that report, if the employee reasonably believes the violation or misuse is also a violation of Chapter 102., section 2921.42, or section 2921.43 of the Revised Code, report it to the appropriate ethics commission.

"(B)  Except as otherwise provided in division (C) of this section, no *state officer or state employee shall take any disciplinary action against a state employee for making any report authorized by division (A) of this section, including, without limitation, doing any of the following*:

"(1)  *Removing* or suspending *the employee from employment*;
" * * *

"(D)  *If an appointing authority takes any disciplinary or retaliatory action against a classified or unclassified employee as a result of the employee's having filed a report under division (A) of this section, the employee's sole and exclusive remedy, notwithstanding any other provision of law, is to file an appeal with the state personnel board of review within thirty days after receiving actual notice of the appointing authority's action.  * * ** "  (Emphasis added.)

{¶ 8} In interpreting a statute, we must begin by examining its express terms.  *Freedom Rd. Found. v. Ohio Dept. of Liquor Control* (1997), 80 Ohio St.3d 202, 206, 685 N.E.2d 522, 525.  By its very terms, R.C. 124.341 applies only to

"state employees." Although R.C. 124.341 does not define "state employee," R.C. 1.59(G) and 124.01(F) provide the applicable definitions.

{¶ 9} R.C. 1.59 provides:

"As used in any statute, unless another definition is provided in such statute or a related statute:

" * * *

"(G) 'State,' when applied to a part of the United States, includes any state, district, commonwealth, territory, insular possession thereof, and any area subject to the legislative authority of the United States of America. 'This state' or 'the state' means the state of Ohio."

{¶ 10} R.C. 124.01 provides:

"As used in Chapter 124. of the Revised Code:

" * * *

"(F) 'Employee' means any person holding a position subject to appointment, removal, promotion, or reduction by an appointing officer."

{¶ 11} Based on R.C. 1.59(G) and 124.01(F), the term "state employee" as used in R.C. 124.341 does not include county employees such as Cicchella.

{¶ 12} SPBR and ALJ Gunn assert that under R.C. 124.341, "state employee" does not patently and unambiguously exclude "county employees" because under R.C. 124.01(A), (B), and (C), the terms "civil service," "state service," and "classified service" include county employees. But the term "state service" is not included in R.C. 124.341, and "civil service" and "classified service" are expressly limited in R.C. 124.341 to a "*state employee* in the classified or unclassified civil service." (Emphasis added.) It is the duty of the court to give effect to the words used and not to insert words not used. *State ex rel. Solomon v. Police & Firemen's Disability & Pension Fund Bd. of Trustees* (1995), 72 Ohio St.3d 62, 65, 647 N.E.2d 486, 489. Courts do not have the authority to ignore the plain language of a statute under the guise of statutory interpretation or liberal or

narrow construction. *State ex rel. Massie v. Gahanna-Jefferson Pub. Schools Bd. of Edn.* (1996), 76 Ohio St.3d 584, 588, 669 N.E.2d 839, 843.

{¶ 13} In addition, even if "state employee" were not defined by R.C. 1.59(G) and 124.01(F), a consideration of the ordinary definitions of "state" and "employee" would yield the same conclusion. See Webster's Third New International Dictionary (1993) 743 and 2228. See *Solomon*, 72 Ohio St.3d at 65, 647 N.E.2d at 489 ("Words used in a statute must be taken in their usual, normal or customary meaning."); R.C. 1.42.

{¶ 14} Finally, discharged county employees such as Cicchella are not precluded from seeking any statutory whistleblower protection. They may seek relief under R.C. 4113.52 by filing suit in a court of common pleas. See R.C. 4113.52(D); 4113.51(B) (" '*Employer' includes* an agent of an employer, the state or any agency or instrumentality of the state, and *any* municipal corporation, *county*, township, school district, or other political subdivision or any agency or instrumentality thereof."). (Emphasis added.)

{¶ 15} Based on the foregoing, after construing the allegations of Cuyahoga County's amended complaint most strongly in its favor, the county can prove a set of facts entitling it to the requested extraordinary relief in prohibition. Therefore, the court of appeals erred in granting SPBR and its ALJ's Civ.R. 12(B)(6) motion to dismiss.

{¶ 16} Generally, reversal of a court of appeals' erroneous dismissal of a complaint requires a remand for further proceedings. See *State ex rel. Rogers v. Brown* (1997), 80 Ohio St.3d 408, 410-411, 686 N.E.2d 1126, 1128. If the parties, however, are in agreement about the pertinent facts, we can exercise our plenary authority in extraordinary actions and address the merits. *Hunter*, 81 Ohio St.3d at 453, 692 N.E.2d at 188; *State ex rel. Kaylor v. Bruening* (1997), 80 Ohio St.3d 142, 147, 684 N.E.2d 1228, 1233. Here, based on appellees' agreement about the pertinent facts, as noted in their merit brief's statement of facts, SPBR and ALJ

Gunn patently and unambiguously lack jurisdiction over Cicchella's R.C. 124.341 appeal.

{¶ 17} Accordingly, we reverse the judgment of the court of appeals and issue a writ of prohibition preventing appellees from proceeding with the discharged county employee's appeal.

*Judgment reversed*
*and writ granted.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____