BRANKATELLI, Appellant,

v.

SUMMIT COUNTY HUMAN RESOURCE COMMISSION, Appellee.

[Cite as Brankatelli v. Summit Cty. Human Resource
Comm., 146 Ohio App.3d 713, 2001-Ohio-7012.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 20536.

Decided Dec. 26, 2001.

714

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Holly Ensign Reese, Assistant Prosecuting Attorney, for appellee.

Barbara R. Marburger, for appellant.

BATCHELDER, Presiding Judge.

{¶ 1} Appellant, Ross M. Brankatelli, appeals from the judgment of the Summit County Court of Common Pleas, affirming the decision of the Summit County Human Resource Commission ("the commission"), in which the commission determined that Brankatelli had no right to appeal his termination of employment with the Summit County Engineer. We reverse and remand.

I.

{¶ 2} On December 17, 1998, Gene Esser, the Summit County Engineer, reassigned Brankatelli to the position of Director of Administration/Engineering Design. He had formerly occupied the position of Chief Deputy Engineer. Shortly thereafter, on January 25, 1999, Brankatelli received a letter from Esser, notifying him that his position "in the unclassified service" had been terminated immediately. No performance reviews were conducted during Brankatelli's

tenure as Director of Administration/Engineering Design, and Esser later acknowledged that Brankatelli's termination was not based upon deficient performance.

{¶ 3} Brankatelli requested that the Summit County Human Resource Commission review his termination. On March 18, 1999, the commission denied Brankatelli's request for review, finding that, as Brankatelli was removed during the probationary period of his employment, he had no right to appeal under Human Resource Commission Rules 17.06 and 17.07. Brankatelli then appealed that decision to the Summit County Court of Common Pleas, pursuant to R.C. Chapter 2506. He also moved the court for permission to submit additional evidence, pursuant to R.C. 2506.03. The motion to submit additional evidence was granted, and a hearing was held on August 30, 1999. During the hearing, Stephen J. Engler, the Human Resource Director for Summit County, testified, and an affidavit of Esser was admitted into evidence.

{¶ 4} Brankatelli subsequently filed his appellate brief, in which he argued that, as a classified employee who was terminated within the first half of his probationary period, he was entitled to appeal his termination, pursuant to Summit County Codified Ordinances 169.19, even though the commission's rules, in direct conflict with the ordinance, expressly prohibited such an appeal. See Human Resource Commission Rules 17.06 and 17.07. He asserted that the Summit County Charter delegated the legislative authority to establish human resources policies and system to the County Council, and therefore, Summit County Codified Ordinances 169.19 superseded the rules enacted by the commission.

{¶ 5} The commission responded in opposition, arguing that, because the commission was created by charter amendment after Summit County Codified Ordinances 169.19 was enacted and was delegated the responsibility of administering Summit County's personnel employment system, the ordinance was superseded by the promulgation of the commission's rules. Applying its rules, the commission argued that Brankatelli had no right to appeal his termination, as it occurred during the probationary period of his employment. See Human Resource Commission Rules 17.06 and 17.07. In the alternative, the commission argued that Brankatelli was an unclassified employee and therefore was terminable at will with no right to an appeal.

{¶ 6} In a judgment journalized on March 23, 2001, the trial court affirmed the commission's decision and held that Brankatelli's discharge was not subject to review, pursuant to Human Resource Commission Rules 17.06 and 17.07, because the discharge occurred during the probationary period of his employment. In reaching its holding, the common pleas court wrote that Brankatelli's "status as a

probationary employee [was] the controlling fact irrespective of whether his position was classified or unclassified." This appeal followed.

## II

{¶ 7} Brankatelli asserts four assignments of error for review. We will discuss each in due course, consolidating his first and fourth assignments of error and his second and third assignments of error to facilitate review.

### A

### First Assignment of Error

{¶ 8} "The trial court erred by failing to recognize that Summit County Codified Ordinance § 169.19, which provides that during the first half of their probationary period, employees may only be terminated for cause and may appeal terminations, prevailed over a conflicting rule adopted by the appellee Summit County Human Resource Commission and not approved by the Summit County Council."

### Fourth Assignment of Error

{¶ 9} "The trial court erred by failing to determine that appellant was in the classified service of Summit County when he was terminated."

{¶ 10} In his first assignment of error, Brankatelli avers that the common pleas court erred in applying Human Resource Commission Rules 17.06 and 17.07, rather than Summit County Codified Ordinances 169.19, in determining whether he had a right to appeal his termination. Specifically, he contends that the commission exceeded its authority when it enacted Human Resource Commission Rules 17.06 and 17.07, as they directly contradict Summit County Codified Ordinances 169.19. In his fourth assignment of error, Brankatelli argues that the trial court erred in failing to make a determination regarding whether he was a classified employee. Because these assignments of error involve questions of law, our review is de novo. *State ex rel. O'Connor v. Davis* (2000), 139 Ohio App.3d 701, 704, 745 N.E.2d 494.

{¶ 11} Section 1, Article X of the Ohio Constitution states that "[t]he general assembly shall provide by general law for the organization and government of counties[.]" Section 3, Article X of the Ohio Constitution allows the people of a county to adopt a charter form of government, stating in part:

{¶ 12} "Every such charter shall provide the form of government of the county and shall determine which of its officers shall be elected and the manner of their election. It shall provide for the exercise of all powers vested in, and the

performance of all duties imposed upon counties and county officers by law." See, also, *O'Connor*, 139 Ohio App.3d at 705, 745 N.E.2d 494.

{¶ 13} The electors of Summit County adopted a charter form of government on November 6, 1979. The Charter sets forth the division of powers in county government in several provisions. Id. at 709, 745 N.E.2d 494. Section 3.01.1, Article III of the Charter denominates the Summit County Council as "the legislative authority and taxing authority of the County." Similarly, Section 3.03, Article III of the Charter specifically provides that "[t]he legislative power of the County is vested in the County Council." The Charter requires County Council to exercise its legislative power by enacting ordinances or resolutions on matters including, inter alia, the establishment of "personnel procedures, job descriptions, rankings, and uniform pay ranges for all County employees of the * * * County Engineer[.]" Section 3.03(10), Article III of the Charter. Clearly, the County Council, both by definition and by delegation of duties specified in the Charter, has the authority to enact legislation regarding personnel policies and system.

{¶ 14} Under this power, the County Council enacted Resolution 91–225, codified at Summit County Codified Ordinances 169.19, on March 20, 1991. Codified Ordinances 169.19 governs the probationary periods of civil service employees and sets forth the circumstances under which an aggrieved employee may appeal his or her termination of employment. It provides, in part:

{¶ 15} "If the service of a probationary employee is considered unsatisfactory by the appointing authority, he/she may be removed at anytime during his/her probationary period. After completion of one-half of his/her probationary period, the removal shall be without appeal to the State Personnel Board of Review for the merits of the removal. *Probationary removals prior to the midpoint of the period will be for cause only, and are subject to appeal before the State Personnel Board of Review.*"[1] (Emphasis added.) Summit County Codified Ordinances 169.19(c).

{¶ 16} Significantly, the probationary period and all the attendant rights under Summit County Codified Ordinances 169.19 clearly apply only to *classified* civil service employees. See Summit County Codified Ordinances 169.19.

{¶ 17} Subsequent to the enactment of Summit County Codified Ordinances 169.19, the Human Resource Commission was created by charter amendment on November 7, 1995; the authority vested in the commission became effective on

---

1. On November 7, 1995, the then newly created Human Resource Commission was delegated the "[r]esponsibility for the resolution or disposition of all personnel matters, with authority to appoint hearing officers to hear all employee appeals previously under the jurisdiction of the State Personnel Board of Review[.]" Section 6.05(1), Article VI of the Charter. The commission, therefore, currently has jurisdiction to hear employee appeals, rather than the State Personnel Board of Review.

July 1, 1996. See Sections 6.01 and 6.06, Article VI of the Charter. The Charter provides that the commission is "responsible for administering, for and in cooperation with the officers, agencies, boards and commissions of the County, an efficient and economical system for the employment of persons in the public service of the County according to merit and fitness." Section 6.01, Article VI of the Charter. Section 6.01, Article VI of the Charter further mandates that "[t]he County's human resources policies and system * * * be established by *ordinance* and * * * be administered in such manner as will eliminate unnecessary expense and duplication of effort[.]" (Emphasis added.) The commission was required to adopt "rules and regulations" in furtherance of its obligations under the Charter by May 15, 1996. Section 6.06, Article VI of the Charter.

{¶ 18} Pursuant to Article VI of the Charter, the Human Resource Commission enacted extensive rules and regulations governing personnel matters in Summit County. The rules at issue herein appear in Article XVII of the Human Resource Commission Rules, which governs probationary periods of county employees. Under Human Resource Commission Rule 17.06, "[a]n employee may be removed at any time during a probationary period." The rules further provide that "[a]n employee removed from a position during a probationary period may not appeal such action." Human Resource Commission Rule 17.07. Unlike Summit County Ordinances 169.19, Human Resource Commission Rules 17.06 and 17.07 do not expressly apply only to classified civil service employees; however, for the reasons that follow, we find that these rules apply only to classified civil service employees, not unclassified employees.

{¶ 19} "Civil service employees are divided into classified and unclassified positions." *Chubb v. Ohio Bur. of Workers' Comp.* (1998), 81 Ohio St.3d 275, 277, 690 N.E.2d 1267. It is a well-settled principle that an unclassified employee "is appointed at the discretion of the appointing authority and serves at the pleasure of such authority." *State ex rel. Hunter v. Summit Cty. Human Resource Comm.* (1998), 81 Ohio St.3d 450, 453, 692 N.E.2d 185. Consequently, an unclassified employee is not entitled to the procedural protections generally afforded to classified employees. *Chubb,* 81 Ohio St.3d at 278, 690 N.E.2d 1267; *Hunter,* 81 Ohio St.3d at 453, 692 N.E.2d 185. Significantly, when the employment of an unclassified employee is terminated, the Human Resource Commission, or other similar body, has no jurisdiction to hear an appeal regarding the termination. See *Hunter,* 81 Ohio St.3d at 452–53, 692 N.E.2d 185; see, also, *Chubb,* 81 Ohio St.3d at 277–278, 690 N.E.2d 1267.

{¶ 20} Although Article XVII of the Human Resource Commission Rules does not explicitly exclude unclassified employees from its scope, we nevertheless find that it is inapplicable to unclassified employees, because unclassified employees may be terminated at any time without the right to an appeal, irrespective of whether a probationary period exists. We, therefore, hold that Article XVII of

the Human Resource Commission Rules governs solely the probationary periods of classified employees. Accordingly, regarding the issue of a right to a termination hearing, Summit County Codified Ordinances 169.19 and Human Resource Commission Rules 17.06 and 17.07 conflict only when *classified* employees are discharged during the first half of their probationary periods.[2]

{¶ 21} In the present case, applying its rules, the commission determined, and the common pleas court agreed, that Brankatelli's status as a probationary employee was controlling, regardless of whether Brankatelli was in the classified or unclassified service. Consequently, neither the commission nor the common pleas court determined whether Brankatelli's position was classified or unclassified. Such an initial determination was necessary, however, under the circumstances of this case. If Brankatelli was in fact a classified employee, the conflict between Summit County Codified Ordinances 169.19 and Human Resource Commission Rules 17.06 and 17.07 becomes germane to the proceedings and is an actual controversy appropriate for judicial resolution. If, however, Brankatelli was an unclassified employee, the aforementioned conflict does not arise and, therefore, the issue would not be properly before the court. Based on the foregoing and under the circumstances of the present case, we conclude that it was error not to determine whether Brankatelli's position was classified or unclassified. Brankatelli's fourth assignment of error is sustained.[3] Accordingly, we decline to reach the merits of Brankatelli's first assignment of error, as those arguments are not properly before the court.

### B

### Second Assignment of Error

{¶ 22} "The trial court erred by failing to recognize that the discharge of Appellant during his probationary period was illegal because the discharge was not for unsatisfactory service or any substantial reason."

### Third Assignment of Error

{¶ 23} "The trial court erred by failing to rule upon or grant Appellant's motion to strike the additional evidence submitted by Appellee for the first time, without leave or justification, as an exhibit to its brief on the merits."

---

2. During the second half of the probationary period of a classified employee, both the ordinance and the rules provide that the employee may be removed without appeal to the Human Resource Commission and, therefore, are consistent with each other in that regard.

3. In his fourth assignment of error, Brankatelli additionally requested that this court find that his position was classified. As previously discussed, neither the commission nor the common pleas court has entered judgment on that issue; therefore, we decline to address this issue in the first instance on appeal. See *State v. Slagle* (1992), 65 Ohio St.3d 597, 604, 605 N.E.2d 916.

{¶ 24} This court's disposition of Brankatelli's first assignment of error renders his second and third assignments of error moot; therefore, we decline to address them. See App.R. 12(A)(1)(c).

### III

{¶ 25} Brankatelli's fourth assignment of error is sustained. For the reasons discussed above, we decline to address the merits of his first, second, and third assignments of error. The judgment of the Summit County Court of Common Pleas is reversed, and the cause is remanded for a determination of whether Brankatelli was a classified or unclassified employee and other appropriate proceedings consistent with this decision.

Judgment reversed
and cause remanded.

BAIRD and CARR, JJ., concur.