PER CURIAM OPINION.
{¶ 1} This action in prohibition is presently before this court for consideration of the motion to dismiss of respondent, Judge Albert S. Camplese of the Ashtabula Municipal Court. As the sole basis for his motion, respondent contends that the petition of relator, Gloria Blackwell, fails to state a viable claim for the requested relief because her petition does not contain any allegation challenging his jurisdiction to proceed in the underlying criminal cases. For the following reasons, we conclude that the motion to dismiss is well taken.
 {¶ 2} In maintaining the instant action, relator seeks the issuance of a writ under which respondent would be enjoined from going forward in two pending criminal proceedings. In her petition, relator alleges that, in each of the criminal cases, she has been charged with one misdemeanor count of dereliction of duty, in violation of R.C.2921.44(E). She further alleges that both pending charges are based on her supposed failure to properly perform her duties as the duly elected Clerk for Ashtabula Township, Ohio.
 {¶ 3} In regard to the legality of the criminal proceedings, relator asserts that the two cases should not be allowed to proceed because they are part of a "political scheme" in Ashtabula Township to stop her from holding the office of township clerk. Specifically, her petition states that "* * * the Board of Township Trustees of Ashtabula Township has illegally interfered with relator's ability to perform her duties as township clerk, inasmuch as they have rendered her impotent to perform her clerk's duties and have initiated the aforesaid criminal prosecutions, all in an effort to harass, annoy, and intimidate her in order to further their political objective to drive her from office, notwithstanding her lawful election to such position in November 2001."
 {¶ 4} In now moving to dismiss relator's petition under Civ.R. 12(B)(6), respondent first notes that, as a municipal court judge, he has the authority under R.C. 1901.20(A) to hear criminal cases involving misdemeanor offenses. In light of this point, respondent then contends that it is indisputable that, when the two underlying cases were initiated in his court, he had jurisdiction over the subject matter. Respondent further contends that relator has failed to allege the existence of any new fact which would now deprive him of the authority to go forward in both cases.
 {¶ 5} As a general proposition, the purpose of a writ of prohibition is to enjoin an inferior court from acting beyond the scope of its jurisdiction. State ex rel. Tubbs Jones v. Suster (1998),84 Ohio St.3d 70, 73. Accordingly, in order to be entitled to such a writ, the relator must be able to prove, inter alia, that the proposed use of judicial power is not authorized under the law. State ex rel.Litty v. Leskovyansky (1996), 77 Ohio St.3d 97, 98.
 {¶ 6} In the instant matter, relator has admitted in her petition that two misdemeanor counts of dereliction of duty have been issued against her. Furthermore, relator has not alleged that she has never been given proper notice of the two charges, or that the two charges are predicated upon activity which occurred outside respondent's territorial jurisdiction. Thus, relator's own allegations support the conclusion that respondent has basic subject matter jurisdiction over both of the underlying cases.
 {¶ 7} In light of the foregoing, it follows that the controlling issue in this case is whether relator's basic allegation, that the filing of the two charges was part of a political scheme against her, is legally sufficient by itself to establish that respondent has been deprived of the authority to proceed. Our review of the relevant case law in this state has failed to reveal any authority for the proposition that the existence of such a political scheme would affect a trial court's jurisdiction over a criminal proceeding. At best, her allegation could possibly form the basis of a motion to dismiss before respondent, in which it could be argued that the prosecutor had brought the two charges for impermissible reasons. Cf., State v. Hill (Mar. 1, 2000), 7th Dist. Nos. 98 CA 15 and 98 CA 233, 2000 Ohio App. LEXIS 805. Such a motion would be procedurally similar to a motion to dismiss for lack of a speedy trial, to the extent that an improper decision to deny either motion would not affect the trial court's legal authority to go forward with the proceeding. That is, instead of constituting a jurisdictional error, an improper decision would merely be a procedural error which could be challenged only through a direct appeal.
 {¶ 8} In reaching the foregoing conclusion, this court would emphasize that our decision in this case should not be considered as an implicit statement on the relative merits of relator's allegation. Instead, we are merely indicating that relator has chosen the wrong forum to litigate the issue. Since the existence of an underlying political scheme is not an issue which pertains, in any respect, to respondent's jurisdiction to proceed, relator must raise the issue in the underlying proceedings.
 {¶ 9} A claim in prohibition can be dismissed under Civ.R. 12(B)(6) when the nature of the supporting allegations are such that, even when those allegations are construed in a manner most favorable to the relator, they show beyond doubt that she will be unable to prove any set of facts under which she will be entitled to the writ. State ex rel.Hunter v. Summit Cty. Human Resources Comm. (1998), 81 Ohio St.3d 450,451. Pursuant to the foregoing analysis, this court concludes that the dismissal of the instant prohibition claim is warranted under this standard because her allegations are legally insufficient to demonstrate that she will be able to satisfy the "jurisdiction" element of such a claim.
 {¶ 10} Accordingly, respondent's motion to dismiss under Civ.R. 12(B)(6) is granted. It is the order of this court that relator's prohibition petition is hereby dismissed.
DONALD R. FORD, P.J., DIANE V. GRENDELL and CYNTHIA WESTCOTT RICE, JJ., concur.