[Cite as *State ex rel. Indus. Energy Users-Ohio v. Pub. Util. Comm.*, 135 Ohio St.3d 367, 2013-Ohio-1472.]

THE STATE OF OHIO EX REL. INDUSTRIAL ENERGY USERS-OHIO *v*. PUBLIC
UTILITIES COMMISSION OF OHIO ET AL.

[Cite as *State ex rel. Indus. Energy Users-Ohio v. Pub. Util. Comm.*,
135 Ohio St.3d 367, 2013-Ohio-1472.]

*Mandamus and prohibition—Motion to intervene granted—Motions to dismiss
granted.*

(No. 2012-1494—Submitted March 13, 2013—Decided April 16, 2013.)

IN MANDAMUS AND PROHIBITION.

_____

**{¶ 1}** The motion to intervene of the Ohio Power Company is granted. The motions to dismiss of the Ohio Power Company and the respondents are granted.

Cause dismissed.

O'CONNOR, C.J., and O'DONNELL, LANZINGER, KENNEDY, and FRENCH, JJ., concur.

PFEIFER and O'NEILL, JJ., dissent.

_____

**PFEIFER, J., dissenting.**

**{¶ 2}** I would grant an alternative writ and order briefing and oral argument in this case. This court has held that prohibition is appropriate when a tribunal has "clearly disregarded applicable law." *E.g.*, *State ex rel. Upper Arlington v. Franklin Cty. Bd. of Elections*, 119 Ohio St.3d 478, 2008-Ohio-5093, 895 N.E.2d 177, ¶ 18. It also appears that denial of the writ in this case may " 'result in injury for which no other adequate remedy exists in the ordinary course of law.' " *State ex rel. Consumers' Counsel v. Pub. Util. Comm.*, 102 Ohio St.3d 301, 2004-Ohio-2894, 809 N.E.2d 1146, ¶ 17, quoting *State ex rel. Hunter*

*v. Summit Cty. Human Resource Comm.*, 81 Ohio St.3d 450, 451, 692 N.E.2d 185 (1998). The relator alleges that the Public Utilities Commission's order is illegal and results in $144 million in increased electric rates for Ohio consumers; a bond in that amount to stay the rate increase pursuant to R.C. 4903.16 is unrealistic. Under the normal appellate process, this court cannot order a refund of previously approved rates. *In re Application of Columbus S. Power Co.,* 128 Ohio St.3d 512, 2011-Ohio-1788, 947 N.E.2d 655, ¶ 16. A prohibition action affords this court a broader range of available remedies.

O'NEILL, J., concurs in the foregoing opinion.

_____

McNees, Wallace & Nurick, L.L.C., Samuel C. Randazzo, Frank P. Darr, Joseph Oliker, and Matthew Pritchard, for relator.

Michael DeWine, Attorney General, and William Wright, John H. Jones, and Thomas W. McNamee, Assistant Attorneys General, for respondents.

Steven T. Nourse and Matthew J. Satterwhite; and Porter, Wright, Morris & Arthur L.L.P., James A. King, and James B. Hadden, for intervening respondent Ohio Power Company.

_____