Pfeifer, J.,
dissenting.
{¶ 2} I would grant an alternative writ and order briefing and oral argument in this case. This court has held that prohibition is appropriate when a tribunal has “clearly disregarded applicable law.” E.g., State ex rel. Upper Arlington v. Franklin Cty. Bd. of Elections, 119 Ohio St.3d 478, 2008-Ohio-5093, 895 N.E.2d 177, ¶ 18. It also appears that denial of the writ in this case may “ ‘result in injury for which no other adequate remedy exists in the ordinary course of law.’ ” State ex rel. Consumers’ Counsel v. Pub. Util. Comm., 102 Ohio St.3d 301, 2004-Ohio-2894, 809 N.E.2d 1146, ¶ 17, quoting State ex rel. Hunter v. Summit Cty. Human Resource Comm., 81 Ohio St.3d 450, 451, 692 N.E.2d 185 (1998). The relator alleges that the Public Utilities Commission’s order is illegal and results in $144 million in increased electric rates for Ohio consumers; a bond in that amount to stay the rate increase pursuant to R.C. 4903.16 is unrealistic. Under the normal appellate process, this court cannot order a refund of previously approved rates. In re Application of Columbus S. Power Co., 128 Ohio St.3d 512, 2011-Ohio-1788, 947 N.E.2d 655, ¶ 16. A prohibition action affords this court a broader range of available remedies.
O’Neill, J., concurs in the foregoing opinion.
*368 McNees, Wallace & Nurick, L.L.C., Samuel C. Randazzo, Frank P. Darr, Joseph Oliker, and Matthew Pritchard, for relator.
Michael DeWine, Attorney General, and William Wright, John H. Jones, and Thomas W. McNamee, Assistant Attorneys General, for respondents.
Steven T. Nourse and Matthew J. Satterwhite; and Porter, Wright, Morris & Arthur L.L.P., James A. King, and James B. Hadden, for intervening respondent Ohio Power Company.