92

THE STATE, EX REL. GROSS ET AL., APPELLANTS, *v.* MARSHALL,
JUDGE, APPELLEE.

[Cite as State, ex rel. Gross, v. Marshall (1974),
39 Ohio St. 2d 92.]

(No. 74-281—Decided July 10, 1974.)

*Messrs. Gaier, Pratt, Freed & Hallows* and *Mr. James H. DeWeese,* for appellants.

*Garmhausen, Kerrigan, Elsass Co., L. P. A.,* and *Mr. Thomas W. Kerrigan,* for appellee.

PAUL W. BROWN, J.  The question before this court is whether a writ of prohibition is a proper procedure by which appellants may seek relief from appellee's order of October 29, 1973.  This court shares the opinion of the Court of Appeals that that extraordinary remedy is inappropriate in this case, and we therefore affirm its judgment.

The present controversy stems from an order of the Court of Common Pleas relating to the conduct of discovery proceedings by one of the parties in litigation before it.  Such orders have been specifically held interlocutory, and thus not subject to immediate appellate review, *Kennedy* v. *Chalfin* (1974), 38 Ohio St. 2d 85; *Klein* v. *Bendix-Westinghouse Co.* (1968), 13 Ohio St. 2d 85.  Addressing the question of when issuance of a writ of prohibition is

proper, this court, in the first paragraph of the syllabus in *State, ex rel. Staton,* v. *Common Pleas Court* (1965), 5 Ohio St. 2d 17, held that:

"The jurisdiction of the Court of Appeals to issue a writ of prohibition does not extend to an interlocutory matter arising during the proceedings in a cause before an inferior tribunal, which has jurisdiction of the cause, unless such interlocutory matter involves a usurpation of judicial power."

The jurisdiction of the Court of Common Pleas to hear the case is undisputed. Appellants contend that appellee's order of October 29, 1973, represents a "usurpation of judicial power" (referred to in *Staton, supra*) and thus that prohibition will lie. Appellee, on the contrary, argues that that order was an exercise by the court of the discretion vested in it by Civ. R. 26(C). That rule grants to the court in which an action is pending the discretion to:

"* * * make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense [resulting from discovery procedures] * * *."

It is the opinion of this court that the issue in this case is, as appellee suggests, an exercise (whether proper or improper, we need not decide at this time) by the trial court of its discretion to insure fair discovery.

"* * * Prohibition is not concerned with the exercise of discretion by an inferior tribunal having jurisdiction of the subject matter and the parties in a cause before it. That issue is for the determination of a reviewing court." *State, ex rel. Staton, supra* (5 Ohio St. 2d 17), at page 22.

Upon the basis of the foregoing unequivocal statements of the law, which we find no reason to abandon, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE and W. BROWN, JJ., concur.