THE STATE, EX REL. DOW CHEMICAL COMPANY, APPELLANT, *v.* COURT OF COMMON PLEAS OF CUYAHOGA COUNTY ET AL., APPELLEES.

[Cite as State, ex rel. Dow Chemical Co., *v.* Court (1982), 2 Ohio St. 3d 119.]

(No. 82-1536—Decided December 23, 1982.)

---

[1] Appellee, a retired jurist, is currently sitting by assignment pursuant to Section 6(C), Article IV of the Ohio Constitution.

*Messrs. Weston, Hurd, Fallon, Paisley & Howley, Mr. Louis Paisley, Mr. Hilary S. Taylor, Messrs. Rivkin, Leff, Sherman & Radler, Mr. Warren S. Radler, Mr. Bruce D. Drucker* and *Mr. Matthew W. Cockrell,* for appellant.

*Mr. John T. Corrigan,* prosecuting attorney, *Mr. Thomas P. Gill* and *Mr. Patrick Carroll,* for appellees.

*Messrs. Squire, Sanders & Dempsey, Mr. Daniel J. O'Loughlin* and *Mr. John E. Lynch, Jr.,* urging affirmance, for *amicus curiae* Central National Bank.

*Per Curiam.* The issue presented herein is whether a writ of prohibition should issue to prevent appellee from enforcing his September 21, 1982 order. It is well-settled that in order for prohibition to lie, three requirements must be satisfied: "(1) the court or officer against whom it is sought is about to exercise judicial or quasi-judicial power; (2) the exercise of such power is unauthorized by law; and (3) it will result in injury for which no other adequate remedy exists." *Ohio Bell* v. *Ferguson* (1980), 61 Ohio St. 2d 74, 76 [15 O.O.3d 117]. See, also, *State, ex rel. Henry,* v. *Britt* (1981), 67 Ohio St. 2d 71, 73 [21 O.O.3d 45]; *State, ex rel. Bell,* v. *Blair* (1975), 43 Ohio St. 2d 95, 96 [72 O.O.2d 53].

This court, in the first paragraph of the syllabus in *State, ex rel. Staton,* v. *Common Pleas Court* (1965), 5 Ohio St. 2d 17 [34 O.O.2d 10], held that:

"The jurisdiction of the Court of Appeals to issue a writ of prohibition does not extend to an interlocutory matter arising during the proceedings in a cause before an inferior tribunal which has jurisdiction of the cause, unless such interlocutory matter involves a usurpation of judicial power."

The order from which appellant requests relief is, as appellee suggested below, interlocutory in nature since it is dispositive of less than all of the issues raised in the trial court. Additionally, the record clearly demonstrates that appellee acquired jurisdiction over Dow and the subject matter of the litigation. The question, therefore, remains whether the subject order constitutes a usurpation of judicial power.

In *Hale* v. *State* (1896), 55 Ohio St. 210, at page 213, this court stated:

"The difference between the jurisdiction of courts and their inherent powers is too important to be overlooked. In constitutional governments their jurisdiction is conferred by the provisions of the constitutions and of statutes enacted in the exercise of legislative authority. That, however, is not true with respect to such powers as are necessary to the orderly and efficient exercise of jurisdiction. Such powers, from both their nature and their ancient exercise, must be regarded as inherent. They do not depend upon express constitutional grant, nor in any sense upon the legislative will. *The power* to maintain order, *to secure the attendance of witnesses to the end that the rights of parties may be ascertained,* and to enforce process to the end that effect may be given to judgments, *must inhere in every court or the purpose of its creation fails.* Without such power no other could be exercised." (Emphasis added.) See, also, *State, ex rel. Butler,* v. *Demis* (1981), 66 Ohio St. 2d 123, 128 [20 O.O.3d 121].

In view of the foregoing, we conclude that appellee lawfully exercised judicial discretion (whether proper or not can be determined by a reviewing court) over Dow in his pretrial order. Moreover, this court has consistently stated that "[p]rohibition is not concerned with the exercise of discretion by an inferior tribunal having jurisdiction of the subject matter and the parties in a cause before it. That issue is for the determination of a reviewing court." *State, ex rel. Staton, supra,* at 22; *State, ex rel. Gross,* v. *Marshall* (1974), 39 Ohio St. 2d 92, 94 [68 O.O.2d 54].

Accordingly, since appellee acquired jurisdiction over the party to whom the order has been directed, as well as the subject matter of the pending litigation, and since the order sought to be prohibited is interlocutory in nature and does not constitute a usurpation of judicial power, the court of appeals properly dismissed the action.

Therefore, for all of the foregoing reasons, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and KRUPANSKY, JJ., concur.