### In re MILLER.

[Cite as *In re Miller* (1996), 109 Ohio App.3d 455.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. CA 15454.

Decided Feb. 16, 1996.

*Douglas B. Gregg,* for appellee Dayton Mental Health Center.

*Michael H. Holz,* for appellant Marion Miller.

FREDERICK N. YOUNG, Judge.

This is an appeal from the decision of Frank J. Malocu, Magistrate of the Court of Common Pleas of Montgomery County, Probate Division, finding that Marion Miller lacked the capacity to consent to be given medication. Miller is presently in the Dayton Mental Health Center (the "health center") on an involuntary, two-year order. Miller has been diagnosed as having chronic paranoid schizophrenia. Miller initially took medication for this condition voluntarily. However, in recent

months he began refusing medication. The health center alleges that Miller's condition has deteriorated since he has stopped taking his medication.

Due to the deterioration of Miller's condition, the health center began its internal procedure to determine if Miller should be forced to take medication for his condition. The procedure consisted of three independent professional evaluations, a capacity assessment panel, review by the medical director, review by an independent psychiatrist, and then approval by the medical director. Upon completion of the procedure, the health center determined that Miller lacked the capacity to consent to being given medication and that the medication was helping his condition.

The health center then started the court process to have Miller declared incompetent to consent and to allow the health center to forcibly administer medication to him. A hearing on this matter was held on July 27, 1995. The day prior to the hearing, the magistrate was informed that the Attorney General's designee, the attorney for the Dayton Mental Health Center, had a scheduling conflict and would be unable to attend the hearing.

At the hearing, the magistrate informed Marion Miller's attorney that the Attorney General's designee would not be present. Nevertheless, the court stated, "Since a forced medication process takes so long to begin with, and all the necessary parties are here, the court feels it is in everyone's best interest, including the respondent's, for us to proceed. The court will conduct the examination of Dr. Dhar, and Mr. Holtz will have the opportunity to do an in-depth cross-examination." Holtz, the attorney for Marion Miller, replied:

"Can I make a motion for the record. I would officially protest the use of spokesman [*sic* ] by this Referee as adjudicator and attorney for the hospital who presents this case. This destroys the impartiality of the decision process, being that the person who is going to render the decision will also be representing the hospital and will render the decision for the hospital."

The court overruled the motion and stated that for the convenience of the parties the court would proceed.

After the magistrate questioned the witness, Dr. Dhar, a psychiatrist at the health center, and Holtz cross-examined the witness, the magistrate entered his ruling that Miller lacked the capacity to consent. Furthermore, the magistrate gave the health center the authority to administer certain medications in specific amounts for one hundred and eighty days. Miller's attorney has now filed a timely appeal of the magistrate's decision.

In his sole assignment of error, Miller contends:

"The court committed reversible error when it acted as both adjudicator of the cause and presenter of the opposing side's entire case thereby denying respondent due process of law."

Miller's assignment of error is not well taken. Civ.R. 53(C)(2) sets forth the powers of magistrates. That section provides: "[T]he magistrate shall regulate all proceedings in every hearing as if by the court and do all acts and take all measures necessary or proper for the efficient performance of the magistrate's duties under the order. The magistrate may do all of the following: * * * (c) put witnesses under oath *and examine them*[.]" (Emphasis added.) Civ.R. 53(C)(2)(c).

Undoubtedly, that rule does not contemplate that a magistrate may act as an advocate in examining witnesses. Black's Law Dictionary defines an "advocate" as "[o]ne who * * * pleads the cause of another before a court * * *." Black's Law Dictionary (6 Ed.1990) 55. "[P]lead[ing] the cause of another" is not authorized under Civ.R. 53(C)(2)(c).

■ However, a magistrate may examine witnesses to elicit information under that rule. We find that where a magistrate merely seeks to elicit information, a magistrate does not exceed his or her authority under Civ.R. 53(C)(2)(c). A determination of whether a magistrate merely sought to elicit information is necessarily fact driven and dependent on the totality of circumstances.

■ A review of the transcript in this case reveals that the magistrate did not act as an advocate. The magistrate merely questioned the witness as to facts. The magistrate in no way pled the case of the health center. Instead, the magistrate conscientiously questioned Dr. Dhar as to his qualifications, his knowledge of Miller, the internal procedures for forced medication, the findings during the internal procedure, Miller's diagnosis, the type and quantity of medication, the side effects of the medication, and so on. Therefore, this court finds that the magistrate did not act as an advocate.

■ Not only did Miller fail to establish that the magistrate acted as an advocate, he also failed to establish that the magistrate's questioning of the witness prejudiced his case. A magistrate generally has the power to regulate proceedings to the same extent as a trial court. *Holm v. Smilowitz* (1992), 83 Ohio App.3d 757, 771, 615 N.E.2d 1047, 1056, fn. 11. Magistrates possess inherent power to regulate court proceedings, and a ruling or order by the magistrate affecting the conduct of the trial will not be reversed unless the complaining party demonstrates prejudicial abuse of discretion. *Id.* at 771–772, 615 N.E.2d at 1056. "An abuse of discretion connotes more than error of law or judgment; it implies an unreasonable arbitrary or unconscionable attitude." *Id.* at 772, 615 N.E.2d at 1056.

Miller has failed to establish that he was prejudiced by the magistrate's questioning of the witness. Miller did not present any evidence indicating that if the Attorney General designee had been there, the outcome of the determination would have been any different. Furthermore, the hearing transcript evidences that the magistrate's decision was supported by more than ample evidence.

Based upon the foregoing reasons, this court overrules Miller's assignment of error and affirms the judgment of the trial court.

*Judgment affirmed.*

WOLFF and FAIN, JJ., concur.