**The STATE ex rel. CORN et al.**

v.

**RUSSO, Judge, et al.**

[Cite as *State ex rel. Corn v. Russo* (1999), 133 Ohio App.3d 57.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 75349.

Decided June 4, 1999.

58

*McLaughlin & McCaffrey, L.L.P., Patrick M. McLaughlin, John F. McCaffrey* and *W. Joseph Melnik,* for relators Robert C. Corn, M.D. and Highland Musculo–Skeletal Associates, Inc.

*Gold, Rotatori & Schwartz Co., L.P.A.* and *Gerald S. Gold,* for relators Douglas A. DiPalma and Cavitch, Familo, Durkin & Frutkin.

*McCarthy, Lebit, Crystal & Haiman Co., L.P.A., David A. Schaefer* and *Charlene R. Mileti;* and *William D. Mason,* Cuyahoga County Prosecuting Attorney, for respondent Judge Daniel Gaul.

*William D. Mason,* Cuyahoga County Prosecuting Attorney, and *Carol Shockley,* Assistant County Prosecutor; *Zukerman & Associates, Larry W. Zukerman* and *Michael S. Lear,* for respondent Judge Nancy Russo.

*Spangenberg, Shibley, Traci, Lancione & Liber* and *William Hawal; Robert V. Housel, pro se,* for respondent Robert V. Housel.

*Greene & McQuillan Co.* and *Jean M. McQuillan,* for *amicus curiae,* Cleveland Academy of Trial Attorneys.

---

TERRENCE O'DONNELL, Judge.

Relators, Robert Corn, M.D., Highland Musculo–Skeletal Associates, Inc. ("HMSA"), Douglas DiPalma, Esq., and the law firm of Cavitch, Familo, Durkin & Frutkin, L.P.A., filed a verified complaint in our court against respondents, Judge Nancy Russo, Judge Daniel Gaul, and attorney Robert Housel, seeking a writ of prohibition to prevent respondent Russo from conducting a contempt proceeding and a writ of mandamus to compel the return of Corn's federal income tax returns. Respondents Russo and Gaul have moved for summary judgment and Russo has separately requested sanctions for filing a frivolous complaint. For the following reasons, we shall issue a writ of prohibition, but deny the writ of mandamus.

The record before us reveals there are three separate but related court matters relevant to the relief now sought in our court. In the first, known as case No. CV–290943, styled *Hegedus v. Johnson,* Judge Daniel Gaul appointed respondent Housel as a special master to investigate sources of income of Dr. Corn, who had been identified as a defense medical expert witness in that case. In furtherance of his appointment, Housel began to take depositions and obtained copies of Corn's federal income tax returns for the years 1995 and 1996. This had been done in an apparent attempt to determine whether Corn spent at least half of his professional time in the clinical practice of medicine. See Evid.R. 601(D). In the second matter, *State ex rel. Allstate v. Gaul* (1999), 131 Ohio App.3d 419, 722 N.E.2d 616, where Allstate sought a writ of prohibition to prohibit respondents Gaul and Housel from proceeding with discovery of Corn's income and financial records, we granted an alternative writ of prohibition on August 21, 1998, which stated in part:

"Respondents, Judge Daniel Gaul and appointed Special Master Robert V. Housel, are hereby prohibited from enforcing or proceeding under, in any way, the discovery orders of March 5 and July 28, 1998, issued by respondent Gaul concerning Dr. Robert Corn in Cuyahoga County Court of Common Pleas Case No. CV–290943 entitled *Hegedus v. Johnson, et al.* until further order of this Court and are hereby directed to show cause, in writing, on or before September 18, 1998, why a permanent writ of prohibition should not be issued."

In the third matter, case No. CV–345899, *Crow v. Dotson,* where Corn had been identified as an expert witness for the defense, Judge Russo granted Crow's

motion to compel production of documents, ordering Corn to produce "all 1099 forms received by Doctor Corn from any liability carrier or any law firm or attorney and/or records showing income received from such sources for the years of 1991 through 1997" and "any and all office records showing independent medical exams (IME's) conducted by Doctor Corn for the years 1991 through 1997, including, but not limited to appointment books, computerized records and billing statements and all IME reports authored by Doctor Corn for said IME" by September 14, 1998. On September 21, 1998, when Corn failed to do so, respondent Russo ordered him to show cause why he should not be held in contempt for failure to abide by the court's order regarding production of documents, pursuant to the subpoena that had been issued in that case.

Four days later, on September 25, 1998, after our court had issued the alternative writ of prohibition, respondent Gaul issued an order in the *Hegedus* case, which provided:

"[H]aving been informed of a contempt hearing scheduled for September 28, 1998, before the Honorable Nancy Margaret Russo in *Joanne M. Crow, et al v. Deborah L. Dotson, Executrix,* CV–345899, and at the request of the Court, hereby modifies its September 3, 1998 journal entry, vol 2254, pg. 461, to reflect the following: Special Master Robert V. Housel may discuss, distribute, or disseminate the contents of all documents submitted to this Court and Special Master Housel pursuant to this Court's orders of July 28, 1998, and are held under seal, during the aforementioned hearing and subject to the discretion of the Honorable Nancy Margaret Russo. The documents shall be unsealed for the limited purpose of the September 28, 1998 contempt hearing, or such other time should the contempt hearing be continued or rescheduled, and efforts shall be made to maintain confidentiality."

On September 28, 1998, respondent Russo conducted a contempt hearing where respondent Housel testified about relator Corn's records that had been obtained in his capacity as special master in *Hegedus,* the case pending before respondent Gaul.

The next day, September 29, 1998, respondent Russo ordered relators Corn and DiPalma to appear at the October 13, 1998 contempt hearing and also prohibited relators DiPalma and the firm of Cavitch, Familo, Durkin and Frutkin, L.P.A., from representing Corn in any further proceedings in *Crow.*

On October 8, 1998, relators filed an original action in this court seeking a writ of prohibition and a writ of mandamus to have this court prohibit further discovery proceedings in *Crow.* We granted an alternative writ and ordered respondents to show cause why a permanent writ should not issue in this case.

On May 13, 1999, in *State ex rel. Allstate v. Gaul, supra,* we granted a permanent writ of prohibition, holding in part:

"[N]o authority existed for the appointment of a special master in the *Hegedus* case pursuant to Canon 3(C)(4) of the Code of Judicial Conduct, or pursuant to the inherent authority of the Court of common pleas, or pursuant to Civ.R. 53, respondent/judge exceeded his judicial power by making such appointment."

We further held:

"[H]aving found no authority for the acts of respondents, hereby issues a writ of prohibition as follows: In the case of *Hegedus v. Johnson,* Cuyahoga County Court of Common Pleas Case No. 290943, the appointment of Special Master Housel is void. Respondents Judge Daniel Gaul and Robert V. Housel are prohibited from conducting any investigation into the compensation of Dr. Robert Corn. Without delay, all material produced * * * and copies of such produced material and/or notes concerning such material, shall be immediately sealed and returned to Dr. Corn. * * * "

The relators here have raised five separate counts in their complaint, which we shall examine separately.

The relators allege in count one that respondents have violated the alternative writ we previously issued in *Allstate v. Gaul,* arguing that the trial court should not have authorized Housel to testify in *Crow.*

To obtain a writ of prohibition, the relators must establish (1) the court against whom the writ is sought is about to exercise judicial authority, (2) the exercise of such authority is unauthorized by law, and (3) the denial of the requested writ of prohibition will cause injury to the relators for which there exists no other adequate remedy in the ordinary course of law. *State ex rel. Jones v. Garfield Hts. Mun. Court* (1997), 77 Ohio St.3d 447, 674 N.E.2d 1381; *State ex rel. Barclays Bank PLC v. Hamilton Cty. Court of Common Pleas* (1996), 74 Ohio St.3d 536, 660 N.E.2d 458. In addition, absent a patent and unambiguous lack of jurisdiction, a court having general subject matter jurisdiction may determine its own jurisdiction and a party challenging the court's jurisdiction possesses an adequate remedy at law through an appeal. *State ex rel. Enyart v. O'Neill* (1995), 71 Ohio St.3d 655, 646 N.E.2d 1110. Finally, if a lower court patently and unambiguously lacks jurisdiction, prohibition shall issue to correct any prior unauthorized jurisdictional actions and prevent any future unauthorized exercise of jurisdiction. *State ex rel. Fraternal Order of Police, Ohio Labor Council, Inc. v. Franklin Cty. Court of Common Pleas* (1996), 76 Ohio St.3d 287, 667 N.E.2d 929.

Although a trial court possesses both statutory and inherent authority to regulate discovery, such authority is not unlimited. Cf. *State ex rel. Grandview Hosp. Ctr. v. Gorman* (1990), 51 Ohio St.3d 94, 554 N.E.2d 1297. In fact, a trial court is prohibited from conducting its own discovery on behalf of the parties. *State ex rel. Allstate v. Gaul, supra; In re Miller* (1996), 109 Ohio App.3d 455, 672 N.E.2d 675.

In this case, the trial court had the authority to conduct a contempt hearing to determine why relators failed to comply with its order to provide the requested discovery. However, because of our alternative writ issued in *Allstate,* respondents had been precluded from securing any testimony or evidence from respondent Housel and prevented from using any information, as collected by respondent Housel with regard to relator Corn, in any other legal proceeding. See, generally, *State ex rel. Gross v. Marshall* (1974), 39 Ohio St.2d 92, 68 O.O.2d 54, 314 N.E.2d 170.

We recognize that proper discovery methods can be employed by claimants' counsel in individual cases to test the qualifications of an independent medical expert and courts have authority to conduct proceedings in support of those efforts. The problem in this situation emanates from the court's original appointment of a special master to conduct this kind of investigation and from the dissemination of the confidential information Housel obtained as special master and the court seeking his testimony after we had issued an alternative writ precluding use of that information in any fashion.

In accordance with the foregoing, we have concluded that respondent Russo does have jurisdiction to proceed with the contempt hearing against Corn; however, the court lacks jurisdiction to compel testimony or to seek evidence from respondent Housel in any fashion whatsoever concerning Corn, and therefore, a writ of prohibition shall issue in that regard.

In count two, the relators claim that a writ of prohibition should issue that prevents respondent Russo from conducting a contempt hearing in order to determine whether the relators failed to provide proper discovery. Our prior holding that respondent Housel may not testify or produce any records obtained in his capacity as a special master does not prohibit respondent Russo from conducting such a contempt hearing or from imposing sanctions as provided in either Civ.R. 37 or 45. Respondent Russo, however, is prohibited from eliciting any testimony or other evidence from respondent Housel concerning Corn or any relator obtained in his capacity as a special master, and the court is further precluded from conducting an independent discovery investigation on behalf of the parties. *Allstate; In re Miller, supra.*

We further recognize that the relators have an adequate remedy at law by way of appeal regarding any discovery orders issued by respondent Russo, which are specified in R.C. 2505.02 as recently amended. Cf. *Rath v. Williamson* (1992), 62 Ohio St.3d 419, 583 N.E.2d 1308. Thus, we decline to issue a writ of prohibition preventing respondent Russo from conducting a contempt hearing regarding relators' failure to comply with the earlier issued discovery order. Cf. *State ex rel. LTV Steel v. Oryshkewych* (1992), 65 Ohio St.3d 462, 605 N.E.2d 30.

In count three, relators argue that our court should issue a writ of mandamus to compel respondent Russo to return two Internal Revenue Service release forms that Corn signed in court.

To obtain a writ of mandamus, the relators must establish each prong of the following three part test: (1) the relators possess a clear legal right to the relief requested, (2) the respondent possess a clear legal duty to perform the requested act, and (3) the relators possess no plain and adequate remedy in the ordinary course of the law. *State ex rel. Carter v. Wilkinson* (1994), 70 Ohio St.3d 65, 637 N.E.2d 1.

Here, relators have failed to establish that respondent Russo has a clear legal duty to return the signed IRS tax release forms to them, or that they have no adequate remedy at law by way of appeal from an order that required Corn to sign a tax release form. See *State ex rel. Carter v. Wilkinson* (1994), 70 Ohio St.3d 65, 637 N.E.2d 1. See, also, R.C. 2505.02 as amended to provide appellate review of discovery orders; *State ex rel. Westchester Estates, Inc. v. Bacon* (1980), 61 Ohio St.2d 42, 15 O.O.3d 53, 399 N.E.2d 81. Thus, we decline to issue the writ of mandamus as requested by relators.

In count four, the relators argue that a writ of prohibition should issue to prevent respondent Russo from enforcing an order that prevented relator DiPalma and relator Cavitch, Familo, & Frutkin, L.P.A. from representing relator Corn and relator HMSA in any further proceedings in *Crow*.

Disqualification of counsel in a civil action is now a final appealable order pursuant to amended R.C. 2505.02. *Kala v. Aluminum Smelting & Refining Co., Inc.* (1998), 81 Ohio St.3d 1; 688 N.E.2d 258; *Russell v. Mercy Hosp.* (1984), 15 Ohio St.3d 37, 15 OBR 136, 472 N.E.2d 695; *State ex rel. Kura v. Sheward* (1992), 75 Ohio App.3d 244, 598 N.E.2d 1340; *Stevens v. Grandview Hosp. & Med Ctr.* (Oct. 20, 1993), Montgomery App. No. 14042, unreported, 1999 WL 961465. Thus, we decline to issue a writ of prohibition in this instance because relators have an adequate remedy at law.

In count five, relators argue that respondent Russo's alleged violation of the Code of Judicial Conduct, through conduct that is biased, prejudiced,

discourteous, undignified, impatient, and belligerent, warrants the issuance of a permanent writ of prohibition. As stated previously, the purpose of such a writ is to restrain inferior courts and tribunals from exceeding their jurisdiction. *State ex rel. Eaton Corp. v. Lancaster* (1988), 40 Ohio St.3d 404, 534 N.E.2d 46; *State ex rel. Staton v. Franklin Cty. Common Pleas Court* (1965), 5 Ohio St.2d 17, 34 O.O.2d 10, 213 N.E.2d 164. Respondent's alleged improper conduct does not relate to a patent and unambiguous lack of jurisdiction that merits the issuance of a writ. Thus, prohibition does not lie in this instance and we decline to issue a writ on this basis.

Therefore, we shall issue the following writ of prohibition:

Respondent Gaul is prohibited from using, releasing, publishing, disseminating, or distributing directly or indirectly any information, document, or the contents of any such document that was obtained as a result of the appointment of respondent Housel as a special master in *Hegedus v. Johnson*, Cuyahoga County Court of Common Pleas case No. CV–290943. In addition, respondent Gaul is prohibited from issuing any order that allows respondent Housel to testify, use, release, publish, disseminate, or distribute indirectly or directly any information, documents, or the contents of any such document that was obtained in the capacity of respondent Housel as special master. Respondent Gaul is further ordered to deliver to relator Corn any and all information, documents, and transcripts as ordered sealed in the alternative writ of prohibition that was issued by this court on October 9, 1998.

Respondent Housel is prohibited from testifying or continuing his testimony in *Crow v. Dotson*, Cuyahoga Common Pleas Case No. CV–345899 or from appearing in any other proceeding and is further prohibited from using, releasing, publishing, disseminating, or distributing directly or indirectly any information, document or the contents of any such document that was obtained in his capacity as a special master. Further, respondent Housel is ordered to return to counsel for relator Corn any and all information, documents, and transcripts obtained in his capacity as special master that we ordered sealed in the alternative writ issued on October 9, 1998.

Respondent Russo is prohibited from compelling, ordering, or receiving any additional testimony, information, or documents from respondent Housel in *Crow v. Dotson*, Cuyahoga Common Pleas Case No. CV–345899. In addition, respondent Russo is prohibited from using, releasing, publishing, disseminating, or distributing in any fashion any information, documents, or the contents of any · such documents obtained from respondent Housel, in his capacity as a special master. The transcript of the testimony of respondent Housel, as taken at the contempt hearing of September 28, 1998, is ordered sealed. Further, respondent Russo is ordered to deliver to relator Corn any and all information, documents

and transcripts that were obtained from respondent Housel and ordered sealed in the alternative writ of prohibition issued by this court on October 9, 1998.

Respondents' motions for summary judgment are granted in part and denied in part consistent with this opinion. Respondent Russo's motion for sanctions is denied. Each party to pay its own costs.

*Writ of prohibition allowed.*
*Writ of mandamus denied.*

PORTER, A.J., and TIMOTHY E. MCMONAGLE, J., concur.