OPINION
This is an appeal from an order entered pursuant to Civ.R. 37(B)(2)(c) dismissing the within action as a sanction for the Plaintiffs' failure to comply with the court's order to grant discovery.
The action was commenced on January 24, 1997, in Hamilton County. A change of venue was requested, and the matter was transferred to Clark County., Defendant, Consolidated Rail Corporation ("Conrail"), served Plaintiffs with written interrogatories and a request for documents on February 27, 1997. Responses were due in thirty days. According to Conrail, it made numerous requests of Plaintiffs to comply, which were ignored, and Plaintiffs made several promises to comply, which they failed to keep. Finally, on August 19, 1998, nearly seventeen months after Plaintiffs' responses were due Conrail filed a motion to compel discovery., Plaintiffs filed no response to Conrail's motion. On September 1, 1998, the trial court sustained Conrail's motion and allowed Plaintiffs fourteen days to comply "or be subject to sanctions pursuant to Civil Rule 37." After that deadline had passed without a response from Plaintiffs, they requested additional time to comply. The court allowed them until September 30, 1998., Plaintiffs failed to meet the September 30, 1998 deadline the court had set. On October 5, 1998, Conrail again sought sanctions. On October 13, 1998, the court ordered that "(1) Plaintiff's evidence shall be excluded at trial, (2) Plaintiff shall reimburse Clark County Defendants $543 for expenses incurred for unilaterally canceling Plaintiff's deposition without notifying all counsel, and (3) Plaintiffs shall reimburse Defendants the costs and fees to prepare and file their motions to compel."
Plaintiffs failed to pay the money sanctions the court had ordered. On January 11, 1999, the court ordered the Plaintiffs to comply, stating that their failure to comply would cause the court to dismiss their action within seven days pursuant to Civ.R. 41(B)(1) for failure to prosecute, unless good cause to the contrary was shown., Plaintiffs failed to comply before the deadline the court had set. Four days later, they requested additional time. On February 9, 1999, the court granted Plaintiffs an additional fourteen days, until February 23, 1999, within which to comply with the sanctions it had ordered "or be subject to sanctions including dismissal."
The February 23, 1999 deadline passed, with no performance or showing of good cause by the Plaintiffs. The court then dismissed Plaintiffs' action on February 26, 1999., Plaintiffs thereafter filed two motions asking the court to reconsider its order dismissing their action. On March 19, 1999, they filed a motion for relief from judgment pursuant to Civ.R. 60(B), which relied on the facts and circumstances set out in their two previous motions to reconsider. The court had not ruled on their Civ.R. 60(B) motion when, on March 29, 1999, Plaintiffs filed a notice of appeal from the court's February 26, 1999 order dismissing their action., Plaintiffs present two assignments of error, which state:
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN DISMISSING THE COMPLAINT WHERE PLAINTIFFS HAD COMPLIED WITH THE COURT'S ORDER REGARDING DISCOVERY.
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN NOT ALLOWING A HEARING TO DETERMINE WHETHER ITS ORDER HAD BEEN OBEYED.,
Plaintiffs' Civ.R. 60(B) motion argued that they had satisfied the court's discovery orders, at least in part, when the court dismissed their action. Letters of counsel which portray some measure of compliance, in various respects, were submitted to the court. Plaintiffs also claim that, on the date the court dismissed their action, they had actually submitted to depositions., Plaintiffs also contend that much of the delay involved in their failure to grant discovery is attributable to injuries suffered in the underlying action. Counsel for Plaintiffs also claims that he was injured in an automobile accident in April 1998, resulting in delays. Plaintiffs also claim that they were not served with the court's October 13, 1998 order excluding their evidence and imposing monetary sanctions, and were unaware of it until they received the court's February 9, 1999 order allowing them fourteen more days to comply. They claim that compliance was immediately begun.
Imposition of the sanctions that Civ.R. 37 permits is committed to the sound discretion of the trial courts. Ordinarily, the courts will not impose sanctions unless the refusal to comply with a previous order compelling discovery can be characterized as "willful" or in "bad faith." Ward v. Hester (9173), 36 Ohio St.2d 38; Toney v. Berkemer (1983), 6 Ohio St.3d 455. This court has held that the sanctions imposed must be "just" in relation to the particular failure involved. Baker v. Mervis (1989), 63 Ohio App.3d 819.
The order dismissing Plaintiffs' action was entered as both a Civ.R. 37(B)(2)(c) sanction for failure to grant discovery that the court had ordered and a Civ.R. 41(B)(1) dismissal for failure to prosecute. In either event, the relief was predicated on the terms of the court's order of October 13, 1998, which Plaintiffs claim was not served on them. In that event, their failure to thereafter comply may constitute excusable neglect for purposes of Civ.R. 60(B)(1).
Conrail points out that the sanction the court imposed on its October 13, 1998 order excluding Plaintiffs' evidence would ultimately result in the Civ.R. 41(B)(1) dismissal that the court ordered, and that the October 13, 1998 sanction was not appealed. However, such orders are interlocutory and not subject to immediate appeal. State ex rel. Gross v. Marshall (1974), 39 Ohio St.2d 92.
On its face, this record portrays a gross failure to comply with the trial court's discovery orders, which could very well justify dismissal as a sanction if the failures were willful or in bad faith. Indeed, the court appears to have been highly indulgent to Plaintiffs and their counsel in granting every opportunity to comply. Therefore, we cannot find that the trial court abused its discretion when it dismissed Plaintiffs' action.
Our holding does not, of course, determine Plaintiffs' Civ.R. 60(B) motion to vacate the court's order. The court had not ruled on that motion when Plaintiffs filed their notice of appeal. The grounds for relief Plaintiffs allege in this appeal are, frankly, more suitable to Civ.R. 60(B) relief. However, we make no finding that the relief Plaintiffs request in that regard is justified.
The assignments of error are overruled. The judgment from which this appeal was taken will be affirmed.
WOLFF, J. and KOEHLER, J., concur.
(Hon. Richard Norman Koehler, Retired from the Court of Appeals, Twelfth Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.)
Copies mailed to:
William Eric Minamyer, Esq.
Steven H. Ray, Esq.
Michael D. Eagen, Esq.
Hon. Gerald F. Lorig