JOURNAL ENTRY and OPINION
On December 20, 1999, the relator, Left Fork Mining Co., commenced this prohibition action against the respondents, Judge Nancy Fuerst and the Court of Common Pleas of Cuyahoga County, to prohibit the respondents from enforcing an order issued by the judge that prohibited the parties in the underlying case, JeffreyMining Products, L.P. v. Left Fork Mining Company, Cuyahoga County Common Pleas Court Case No. 336559, from filing any motions without the prior oral permission of the judge. Left Fork Mining also applied for an alternative writ and moved to advance the case on the docket. For the following reasons, this court,sua sponte, denies the applications for a writ of prohibition and an alternative writ and denies the motion to advance as moot.
In its pleadings and attachments, Left Fork Mining alleges the following: In June 1997, Jeffrey Mining Products commenced the underlying case by suing Left Fork Mining, which filed counterclaims, cross-claims and third-party complaints against various parties. Three of these parties Left Fork Mining refers to as the "Global Group." Apparently, Jeffrey Mining was a subsidiary of or in the Global Group.[1] Throughout discovery, Jeffrey Mining and the Global Group insisted that various records did not exist. Left Fork Mining submits that these parties concealed the records in bad faith. During 1999, the formal period for discovery ended. In August 1999, Jeffrey Mining and the Global Group moved for summary judgment. In response, Left Fork Mining argued, inter alia, the spoliation of evidence and for certain presumptions resulting from the dearth of discovery. In early November 1999, in response to these arguments, Jeffrey Mining and the Global Group revealed, for the first time, the existence of the long-sought records. Further inquiry revealed that there are over 4,000 boxes of records that Left Fork Mining never had the opportunity to inspect. Initial review of the records revealed evidence that Jeffrey Mining and the Global Group knew that the 102 systems were defective; one system was so poorly designed that it would destroy the accompanying machinery and was impossible to maintain. On November 22, 1999, Left Fork Mining moved for a status conference. The trial judge held a tele-phone conference on November 23, 1999, and granted the parties leave to file an additional brief and response to that brief. On November 29, 1999, the trial judge ordered all parties to obtain prior oral permission to submit any additional motions; failure to obey would result in sanctions. The trial judge had set the final pre-trial for 11:00 a.m. on December 21, 1999, and trial for January 2000.
On December 17, 1999, Left Fork Mining hand-delivered three motions to the trial judge's law clerk to seek oral permission for their filing. These motions were (1) motion to dismiss the claims of Jeffrey Mining and for default judgment against the Global Group for abuse of discovery, (2) motion for leave to file a motion for continuance under Civ.R. 56 (F), and (3) motion for leave to file instanter the motion for dismissal and default judgment. At approximately 3:30 p.m. on December 17, the law clerk informed Left Fork Mining telephonically that the trial judge had denied permission to file those motions. Left Fork Mining then filed this prohibition action.
Left Fork Mining argues the trial judge usurped her judicial power because the November 29, 1999 order violates various constitutional provisions. The order precludes the parties from presenting the trial court with the relevant facts and further precludes the parties from even making a record. Aside from the authorities stating the general principles of prohibition, Left Fork Mining relies exclusively upon State ex rel. Ohio Academy ofTrial Lawyers v. Sheward (1999), 86 Ohio St.3d 451, for the proposition that a court may use the writ of prohibition to counter an unconstitutional usurpation of judicial power.
The principles governing prohibition are well established. Its requisites are (1) the respondent against whom it is sought is about to exercise judicial power, (2) the exercise of such power is unauthorized by law, and (3) there is no adequate remedy at law. State ex rel. Largent v. Fisher (1989), 43 Ohio St.3d 160,540 N.E.2d 239. Furthermore, if a petitioner had an adequate remedy, relief in prohibition is precluded, even if the remedy were not used. State ex rel. Lesher v. Kainrad (1981), 65 Ohio St.2d 68, 417 N.E.2d 1382, certiorari denied (1981),454 U.S. 845; Cf. State ex rel. Sibarco Corp. v. City of Berea (1966),7 Ohio St.2d 85, 218 N.E.2d 428, certiorari denied (1967),386 U.S. 957. Prohibition will not lie unless it clearly appears that the court has no jurisdiction over the cause that it is attempting to adjudicate or the court is about to exceed its jurisdiction.State ex rel. Ellis v. McCabe (1941), 138 Ohio St. 417,35 N.E.2d 571, paragraph three of the syllabus. "The writ will not issue to prevent an erroneous judgment, or to serve the purpose of appeal, or to correct mistakes of the lower court in deciding questions within its jurisdiction." State ex rel. Sparto v. Juvenile Courtof Darke County (1950), 153 Ohio St. 64, 65, 90 N.E.2d 598. Furthermore, it should be used with great caution and not issue in a doubtful case. State ex rel. Merion v. Tuscarawas Cty. Courtof Common Pleas (1940), 137 Ohio St. 273, 28 N.E.2d 273; Reiss v.Columbus Municipal Court (App. 1956), 76 Ohio Law Abs. 141, 145 N.E.2d 447. Nevertheless, when a court is patently and unambiguously without jurisdiction to act whatsoever, the availability or adequacy of a remedy is immaterial to the issuance of a writ of prohibition. State ex rel. TilFork v. Crush
(1988), 39 Ohio St.3d 174, 529 N.E.2d 1245 and State ex rel.Csank v. Jaffe (1995), 107 Ohio App.3d 387. However, absent such a patent and unambiguous lack of jurisdiction, a court having general jurisdiction of the subject matter of an action has authority to determine its own jurisdiction. A party challenging the court's jurisdiction has an adequate remedy at law via appeal from the court's holding that it has jurisdiction. State ex rel.Rootstown Local School District Board of Education v. PortageCounty Court of Common Pleas (1997), 78 Ohio St.3d 489,678 N.E.2d 1365 and State ex rel. BradFork v. Trumbull County Court
(1992), 64 Ohio St.3d 502, 597 N.E.2d 116. Moreover, the court has discretion in issuing the writ of prohibition. State ex rel.Gilligan v. Hoddinott (1973), 36 Ohio St.2d 127, 304 N.E.2d 382.
In the present case, Left Fork Mining does not establish that the trial judge acted beyond her jurisdiction. Its reliance uponSheward is misplaced, and the case is distinguishable. InSheward, the Supreme Court of Ohio used its discretion in issuing prohibition to prevent an unconstitutional attack by the Ohio Legislature on the entire Ohio judicial system. It did not use the writ to counter an order issued by a trial judge to regulate the proceedings before her. This court, abiding by the admonitions that the writ should be issued cautiously and not in doubtful cases, will not extend Sheward to cover an alleged unconstitutional order by a trial court.
Moreover, it is not certain that the order was beyond the trial judge's judicial authority. Courts retain the inherent power to control their efficient and prudent operation, including the power to maintain order. State ex rel. Richard v. Cuyahoga CountyBoard of Commissioners (1995), 100 Ohio App.3d 592,654 N.E.2d 443. See, also, State ax rel. Dow Chemical Company v. Court ofCommon Pleas of Cuyahoga County (1982), 2 Ohio St.3d 119, 121,443 N.E.2d 143: "[p]rohibition is not concerned with the exercise of discretion by an inferior tribunal having jurisdiction of the subject matter and the parties in a cause before it. That issue is for the determination of a reviewing court." Id., citingState ex rel. Staton v. Common Pleas Court (1995), 5 Ohio St.2d 17,22.
Ohio courts have long recognized a trial judge's inherent power to regulate procedure in the cases before the court. State v.Busch (1996), 76 Ohio St.3d 613, 669 N.E.2d 1115; State ex rel.Butler v. Demis (1981), 66 Ohio St.2d 123, 420 N.E.2d 116; In reAppropriation of Easement for Highway Purposes (1962), 118 Ohio App. 207,193 N.E.2d 702; and Aluminum Industries, Inc. v. Egan
(1938), 61 Ohio App. 111, 22 N.E.2d 459. The authority to issue an order prohibiting motions on the eve of trial comes within that power to regulate the proceedings before it. Even if that order were erroneous or an abuse of discretion, it would not exceed the judicial power or jurisdiction of the court. Cf. Stateex rel. Csank v. Jaffe (1995), 107 Ohio App.3d 387,668 N.E.2d 996.
Furthermore, Left Fork Mining has an adequate remedy at law through appeal. If, at the end of the case, Left Fork Mining has been prejudiced by the rulings of the court, it may raise on appeal such issues as whether the trial court erred in ending discovery, erred or abused its discretion in prohibiting the parties from filing motions after November 29, 1999, or erred in not granting a continuance. Such issues are properly reviewed on appeal on a full record so that the reviewing court will know the claims asserted and all the motions and filings presented by the parties. Left Fork Mining also has a remedy to protect the record on appeal through App.R. 9 (C), (D) and (E).
Accordingly, this court denies the applications for a writ of prohibition, an alternative writ and the motion to advance. Relator to pay costs.
DIANE KARPINSKI, J. CONCURS.
LEO M. SPELLACY, J. CONCURS.
 ______________________________ KENNETH A. ROCCO PRESIDING JUDGE
[1] Although Left Fork Mining attached records from the underlying case, it did not attach a copy of the docket, the complaint, or its own counterclaims, cross-claims or third-party complaints; thus, the court faces considerable uncertainty as to the underlying case. It appears to revolve around products, the 102 systems that Jeffrey Mining sold to Left Fork Mining and which Left Fork Mining maintains were defective, poorly-designed products.