DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Christopher Maggiore, appeals from an order of the Summit County Court of Common Pleas, which adopted a magistrate's findings and entered judgment for plaintiffs Richard and Raymond Hanna ("the Hannas") and defendant/third-party plaintiff Timothy Adkins. We affirm.
 I. {¶ 2} The Hannas owned the Pelican Cove Tavern, an ongoing business comprised of real estate, business fixtures, certain chattels, licenses and the good will associated with the business name. In March 1997, the Hannas sold this business to Timothy Adkins for $455,000: $65,000 down and a $390,000 promissory note, to be paid at $4,940.33 per month for 72 months and a final balloon payment of $201,955.18. Less than three months later, in June 1997, Adkins sold the business to Christopher Maggiore for a $385,954.22 promissory note to be paid on substantially identical terms as the note due to the Hannas.
 {¶ 3} The Hannas were anxious for cash, and during the next several months the parties made failed attempts to have Maggiore assume Adkins' obligation and release Adkins from the agreement. Eventually, Maggiore obtained a bank loan for $311,000, which was paid to the Hannas in exchange for the deed to the business real estate. Critical to this analysis, the mortgage release document specifically reserved Adkins' obligation on the remainder of the note.
 {¶ 4} A dispute arose when Maggiore refused to make further payments on the note, arguing that it had been satisfied by the $311,000, while the Hannas insisted that the $59,000 balance of the note remained due, to pay for the non real estate aspects of the business. The Hannas sued Adkins for the balance of the note plus interest, and Adkins responded with a third-party complaint against Maggiore.
 {¶ 5} The case was heard by a magistrate, who concluded that the Hannas were entitled to $81,559.36 from Adkins under his note, and that Adkins in turn was entitled to the same from Maggiore under his note. Maggiore objected before the trial court. On review, the trial court affirmed the magistrate's findings.
 {¶ 6} Maggiore appealed and asserts two assignments of error for review.
 II. A. First Assignment of Error
"THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY DECIDING THAT AN ACCORD AND SATISFACTION DID NOT EXIST."
 {¶ 7} In his first assignment of error, Maggiore argues that the trial court improperly denied that his payment of $311,000 before it was due was an accord and satisfaction, absolving him of further obligation. We disagree.
 {¶ 8} We review a trial court's adoption of a magistrate's decision for abuse of discretion. Sunde v. Kent, 9th Dist. No. 03CA0036-M, 2004-Ohio-3413, at ¶ 10. Abuse of discretion is more than an error in judgment; it is an attitude by the trial court that is unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. Under this standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621.
 {¶ 9} Maggiore argues that he agreed to pay early to save money and the Hannas agreed to accept a reduced amount to obtain cash right away, thus explaining why he tendered $311,000 years before it was due. Based on this explanation, Maggiore argues that his obligation to pay has been terminated under the common law doctrine of accord and satisfaction. See Stan Gertz Assoc., Inc. v. Donald K. Gant Realty (June 12, 1991), 9th Dist. No. 14805, at p. 8-9.
 {¶ 10} However, Maggiore's argument is defeated by the express language of the release document, which reserves the obligation of Adkins' note. That is, the Hannas accepted the $311,000 with the understanding that it satisfied the amount due on the real estate, but expressly retained the right to recover the balance due on the note, which would cover the remaining, non real estate value of the business. The trial court found that because there was no release of the Adkins note to the Hannas, there could be no release of the Maggiore note to Adkins. Furthermore, the trial court noted that Maggiore produced no documents or exhibits that would indicate that the $311,000 was for anything other than the real estate, or any document suggesting the note had been discharged. Based on the trial court's stated reasoning, we do not find that it abused its discretion.
 {¶ 11} The first assignment of error is overruled.
 B. Second Assignment of Error
"THE MAGISTRATE OVERSTEPPED JUDICIAL BOUNDS IN HIS CONDUCT OF THE EVIDENTIARY HEARING[.]"
 {¶ 12} In his second assignment of error, Maggiore avers that the entire bench trial was improper due to the magistrate's assertive conduct. We disagree.
 {¶ 13} We review a magistrate's conduct of a hearing for an abuse of discretion. In re Miller (1996), 109 Ohio App.3d 455,458. Furthermore, the appellant must demonstrate actual prejudice as a result of the magistrate's conduct, to the extent that the outcome would have been different. Id. at 459.
 {¶ 14} In the present case, the trial court concluded that the magistrate followed the dictates of Civ.R. 53, as applied to the calling and questioning of witnesses. Specifically, the trial court quoted Civ.R. 53(C)(2)(c) and (d) as authority for the magistrate's conduct. Although he catalogues the magistrate's activities, Maggiore neither argues, nor do we find, any basis to conclude that the outcome would have been different but for the magistrate's active involvement. Therefore, we do not find that the trial court abused its discretion.
 {¶ 15} The second assignment of error is overruled.
 III. {¶ 16} Appellant's assignments of error are overruled. The order of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, J., Boyle, J., concur.