**Lucille J. WHITEHEAD, Appellant,**

**v.**

**Earl DAVIDSON et al., Appellees.**

Supreme Court of Tennessee.

April 14, 1975.

Gerald Largen, Kingston, for appellant.

Paul Dunn, Jenkins & Jenkins, Knoxville, for appellees.

OPINION

HENRY, Justice.

This action at law seeks to enforce an oral agreement between a liability insurance company and the driver of a vehicle struck by its insured, with respect to settlement of personal injuries and property damages.

The trial judge sustained a motion to dismiss and plaintiff has perfected an appeal to this Court.

I.

The complaint, filed 21 September 1972, alleges the occurrence of an accident on 22 September 1969 with a vehicle insured by State Farm Mutual Insurance Company. In view of the disposition we make of this case we set forth verbatim the allegations of the complaint from which plaintiff would have the Court find the existence of a contract:

> The defendant, Davidson, was insured by the defendant, State Farm Mutual Automobile Ins. Co. Said insurance company contacted the plaintiff and her attorney. The company acknowledged liability as the insurer of the defendant, Davidson, and acknowledged that they were liable for the damages sustained by the plaintiff.

> They promised that they would negotiate the claim with her and would pay her the money due within their policy limits. She was unable for a long period of time to give them an accurate estimate as to the extent per damages, (sic) as she was under the constant care of her physician and they were unable to give her a reasonable estimate of the extent of her injuries. The negotiations with the company were handled through her attorney and adjustor for said Company. This adjustor left said company some time shortly before the expiration of one year, from the date of the acci-

dent, but at no time was there any indication that the company had changed their mind about their liability or their willingness to pay the reasonable damages within their policy limits. The plaintiff's attorney attempted to contact the automobile insurance company, when the adjustor left that company and no replacement had been appointed, for him. He was told that a replacement would be appointed shortly and would call upon him to continue efforts to settle his claim. Thereupon, Mr. David Griffin was appointed as adjuster and did call upon plaintiff's attorney, and at that and for the first time plaintiff's attorney was told that the company was relying upon the Statute of Limitations and would not pay any monies on this claim. Plaintiff avers that this is a case within the rule of Jackson v. Kemp, 211 Tenn. 438, 365 S.W.2d 437, wherein the parties have contracted with each other as to the settlement of a claim and the plaintiff refrained from pursuing her remedy at law based upon said contract, and promise to pay her reasonable damages, within their policy limits.

Thereafter, the complaint concludes by asserting that plaintiff sues for "$10,000.00 based on the contract to settle . . ."

There is no demand for judgment with respect to personal injuries and property damage; the complaint simply alleges that "plaintiff was injured about her person and the automobile was badly damaged."

The defendants moved to dismiss on the ground that, except as to property damages, the complaint fails to state a claim upon which relief can be granted. In their motion the defendants plead the one-year statute of limitations (T.C.A. § 28–304) and assert that the allegations of the complaint are not sufficient to support a contract, but are merely "an agreement to agree." They further assert that the complaint shows that neither plaintiff nor her attorney was mislead into not filing a time-ly lawsuit and that plaintiff refused to timely negotiate and settle.

The trial judge sustained the motion. Plaintiff nonsuited as to her claim for property damages, prayed and was granted an appeal.

Appellant pleads and relies upon Jackson v. Kemp, 211 Tenn. 438, 365 S.W.2d 437 (1962). We find this reliance to be misplaced. In Jackson, the pertinent facts were that the insurance company's adjuster and claims manager promised that

> "if plaintiff would not employ an attorney to represent, but would deal directly with (the claims manager) and would not file suit in the claim, that he, as claims manager, would authorize and direct his company on behalf of the defendant . . to pay the plaintiff's hospital bills, medical bills and as soon as extent of his injuries were determined would pay plaintiff for his injuries.

Pursuant to this commitment and relying thereon, Jackson did not employ an attorney and took no action. The declaration alleged forbearance.

In the instant case the complaint only alleges a "contract to settle" as a conclusion of the pleader. The complaint merely alleges factually and specifically that (1) the insurance company contacted plaintiff and her attorney and acknowledged that they were liable, and (2) that "they promised they would *negotiate* the claim with her and would pay her the money due within their policy limits.

Appellant was represented by counsel.

The complaint alleges no reliance upon the promise to negotiate, nor does it assert forbearance as the consideration for failure to institute suit within the statutory period.

Plaintiff made no effort in the court below to amend her complaint.

Viewed from any angle this complaint was "stillborn" and nothing in the Rules of

Civil Procedure or the substantive law of this jurisdiction gives the Court any right to breathe into it any life or vitality.

The judgment of the trial court is affirmed. The costs of this appeal are taxed against appellant.

SANDERS, Special Justice and COOPER, BROCK and HARBISON, JJ., concur.