This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Walter J. Vogel appeals from the decision of the Summit County Court of Common Pleas, which dismissed his third-party complaint against appellee Liberty Mutual Insurance Company for failure to state a claim upon which relief can be granted, pursuant to Civ.R. 12(B)(6). This court reverses.
 I.
Linda Murphy and her daughter Lacreashia (hereinafter jointly referred to as "Murphy") were injured in an automobile accident in Tennessee on September 15, 1995. The driver of another car struck Murphy's car. The tortfeasor was insured by Liberty Mutual Insurance Company. Murphy secured the representation of Ohio attorney Walter Vogel in this matter. Vogel corresponded with Liberty Mutual about Murphy's claim, but failed to settle or file suit within Tennessee's one-year statute of limitations for personal injury claims. When Vogel discovered that the statutory time had run, he advised his client, who then fired him and retained other counsel. Murphy then sued Vogel for malpractice. Vogel in turn filed a counterclaim against Murphy and third-party complaints against Murphy's new attorneys and against Liberty Mutual.
Murphy and the new attorneys filed a joint motion for summary judgment on the counterclaim and third-party complaint. Liberty Mutual also filed a motion to dismiss Vogel's third-party complaint for failure to state a claim upon which relief could be granted. The trial court granted summary judgment and Liberty Mutual's motion to dismiss. Later Vogel settled with Murphy on Murphy's malpractice claim. Vogel then filed a timely appeal, challenging the dismissal of his claim against Liberty Mutual. Vogel's sole assignment of error is that the trial court's dismissal of his claim went beyond the pleadings, in contravention of Civ.R. 12(B)(6).
 II.
When the trial court considers a motion to dismiss for failure to state a claim upon which relief can be granted, the trial court must "construe the allegations in the complaint in a light most favorable to the plaintiff and must presume the truth of any factual allegation as contained in the complaint." Universal Coach, Inc. v. New York CityTransit Auth., Inc. (1993), 90 Ohio App.3d 284, 290. "In order to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt that [the plaintiff] can prove no set of facts warranting relief, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in [the plaintiff's] favor." State ex rel. Hunter v. Summit Cty. HumanResource Comm. (1998), 81 Ohio St.3d 450, 451. "[A]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow plaintiff to recover, the court may not grant a defendant's motion to dismiss." York v. Ohio State Highway Patrol (1991), 60 Ohio St.3d 143,145. Our review of the trial court's dismissal of the complaint is denovo. Vitrano v. CWP Ltd. Partnership (Dec. 22, 1999), Summit App. No. 19516, unreported, at 6.
In the instant case, the trial court's judgment stated that Vogel had "not cited to the court any affirmative evidence establishing that Liberty expressed to Mr. Vogel that he did not have to be concerned with the one (1) year statute of limitations." Given that a decision on a Civ.R. 12(B)(6) motion is limited to the pleadings, the trial court used the wrong standard when it references the lack of "evidence." Furthermore, the trial court only reviewed one possible fraud theory raised by the complaint, namely an express statement by Liberty Mutual that Vogel need not be concerned with the statutory time. Because Vogel alleged other theories of fraud, as well as estoppel claims, the trial court's dismissal on one theory was erroneous.
Vogel claimed that Liberty Mutual engaged in fraud and implicitly induced Vogel into ongoing negotiations to settle Murphy's claim, knowing that if a settlement was not reached within one year of the accident, Murphy's claim would be barred by Tennessee's one-year statute of limitations for filing suit in personal injury cases.[1] Vogel's complaint states that in September 1995, shortly after the accident, he notified Liberty Mutual that he was representing Murphy on the accident claim in order to achieve a settlement. Vogel states that he entered into negotiations aimed at a settlement and that in letters to him Liberty Mutual's claims adjuster advised him to forward Murphy's ongoing medical bills to Liberty Mutual "as soon as they are available." Vogel's complaint states that this language constituted an implicit promise to him that the insurance company would not resort to the statute of limitations because negotiations for a settlement were ongoing. Vogel states that Liberty Mutual knew that it was unlikely that Vogel, an out-of-state attorney, knew of the one-year statute of limitations. Vogel claims that with this knowledge Liberty Mutual "consciously conceal[ed] Tennessee's [one-year] statute of limitations" with the hope that one year would expire and the claim could be dismissed. Vogel claims that this behavior by the claims adjuster amounted to "deceit" and "passive fraud."
Vogel's complaint states that he advised the insurance company that he could not produce some of Murphy's medical bills expeditiously because of the ongoing nature of Murphy's medical treatment. Vogel states that this constituted an implicit request by Vogel for Liberty Mutual not to take any adverse action while Vogel obtained the medical bills to forward to the insurance company. Vogel's third-party complaint states, "There was an agreement." Vogel claims that this behavior warrants the application of estoppel against Liberty Mutual's resort to the statute of limitations.
The elements of fraud are: (a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance. Gaines v. Preterm-Cleveland, Inc. (1987),33 Ohio St.3d 54, 55, citing Burr v. Stark Cty. Bd. of Commrs. (1986),23 Ohio St.3d 69, paragraph two of the syllabus.
Vogel's fraud claim alleges in part that Liberty Mutual made certain representations that it was going to continue negotiations in good faith, and that time was not of the essence in pursuing the negotiations. Although Vogel does not specifically allege any explicit representations, this court cannot conclude "beyond doubt that [Vogel] can prove no set of facts warranting relief." See Hunter,81 Ohio St.3d at 451.
Likewise, Vogel's allegation of estoppel may warrant relief. "Equitable estoppel precludes a party from asserting certain facts where the party, by his conduct, has induced another to change his position in good faith reliance upon that conduct." State ex rel. Cities Serv. Oil Co. v.Orteca (1980), 63 Ohio St.2d 295, 299. "The purpose of equitable estoppel is to prevent actual or constructive fraud and to promote the ends of justice." Ohio State Bd. of Pharmacy v. Frantz (1990), 51 Ohio St.3d 143,145. Vogel alleged that Liberty Mutual engaged in a course of conduct that induced in Vogel a reasonable and good faith reliance on Liberty's conduct, to his detriment. Looking only at the complaint, assuming the allegations therein as true, and drawing all reasonable inferences therefrom, this court cannot conclude beyond a doubt that there is no set of facts under which Vogel could prevail on his estoppel claim.
Because there may be facts which would warrant relief, we find that it was error for the trial court to grant Liberty Mutual's motion to dismiss pursuant to Civ.R. 12(B)(6). Vogel's assignment of error is sustained. We reverse the judgment of the trial court and we remand the cause for further action consistent with this decision.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellees.
Exceptions.
 ___________________________ WILLIAM R. BAIRD
SLABY, J., CONCURS
CARR, J., CONCURS IN JUGDMENT ONLY
[1] Pursuant to Tennessee law, claims based on personal injury must be filed within one year of the injury. See Tenn. Code Ann. 28-3-104 (2000). Failure to file suit within one year is fatal, notwithstanding that the injured party is negotiating a settlement of the claim with the insurance company. See Whitehead v. Davidson (1975), 522 S.W.2d 865 (holding that unless the insurance company explicitly promised to forebear the statute of limitations as consideration for injured party's failure to file suit within the statutory period, the untimely claim is barred).