[Cite as *Malhotra v. Montgomery Cty. Juvenile Ct.*, 2014-Ohio-1861.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY   COUNTY**

| | | |
|---|---|---|
| RAJSHREE MALHOTRA | : | |
| | : | Appellate Case No. 25943 |
| Plaintiff-Appellant | : | |
| | : | Trial Court Case No. 13-CV-2948 |
| v. | : | |
| | : | |
| MONTGOMERY COUNTY | : | |
| JUVENILE COURT | : | (Civil Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 2nd day of May, 2014.

. . . . . . . . . . .

RAJSHREE MALHOTRA, 3737 Berrywood Drive, Dayton, Ohio 45424
        Attorney for Plaintiff-Appellee

JONATHAN A. KETTER, Atty. Reg. #0084064, Montgomery County Prosecutor's Office,   301
West Third Street, Post Office Box 972, Dayton, Ohio 45422
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.,

{¶ 1}     Rajshree Malhotra appeals from the trial court's affirmance of a State Personnel

Board of Review (SPBR) order dismissing for lack of jurisdiction an appeal challenging her

termination as a juvenile-court magistrate.

{¶ 2}   Malhotra advances three assignments of error. First, she contends the trial court erred in failing to hold a trial or to remand the case to the SPBR for an evidentiary hearing. Second, she claims the trial court erred in not considering an affidavit she filed. Third, she asserts that the trial court erred in failing to engage in a de novo interpretation of the pertinent statutory law and the Ohio Constitution.

{¶ 3}   The record reflects that Malhotra worked as a magistrate for the Montgomery County Juvenile Court (MCJC) from October 2001 until her termination in January 2013. Malhotra appealed her termination to the SPBR. Thereafter, MCJC moved to dismiss the appeal for lack of jurisdiction. MCJC argued that Malhotra was an "unclassified" employee and that the SPBR only had jurisdiction to hear appeals from employees in the "classified" service. Malhotra opposed the motion, arguing that she qualified as a classified employee. The SPBR sustained the motion to dismiss without a hearing. It reasoned that Malhotra was exempt from the classified civil service pursuant to R.C. 124.11(A)(32) and R.C. 2151.13. Malhotra moved for reconsideration. The SPBR overruled the motion.

{¶ 4}   Malhotra then filed an administrative appeal in Montgomery County Common Pleas Court. Following a telephone conference, the trial court set a briefing schedule and indicated that the matter would be deemed submitted after briefing. (Doc. #13). The record does not reflect any objection to this procedure. Malhotra filed a brief in accordance with the trial court's order. (Doc. #14). The brief included an affidavit in which she averred that she had been hired after her merit and fitness were determined through a competitive examination. According to Malhotra, this "examination" consisted of two rounds of interviews. MCJC filed its own brief, arguing that she was an unclassified employee by statute. MCJC also maintained that undergoing

two sets of interviews did not constitute a competitive examination for purposes of making Malhotra a classified employee.

{¶ 5}    In a September 16, 2013 decision and judgment entry, the trial court affirmed the SPBR order dismissing Malhotra's appeal from her termination. In support, the trial court reasoned:

ORC Section 2506.03 sets forth the limited circumstances under which evidence outside the administrative record may be considered. This was a matter that was discussed with Appellant and counsel for the Appellee during the telephone scheduling of this matter. During that conference, the court specifically asked if Appellant would be seeking to introduce any evidence outside the record. She said she would not, but has submitted an affidavit nonetheless. She made no motion prior to its submission and it fails to set forth any of the statutory conditions, which would warrant its consideration. The affidavit is not being considered.

The issue for review is whether or not the State Personnel Board of Review properly dismissed her claim for lack of jurisdiction. Appellant's brief reiterates the position she set forth before the board and included as part of the administrative record filed with this court.

Appellant argues that the interview process she underwent was tantamount to a competitive exam. Her description of that process belies the argument. The process was, in essence, a screening of candidates by a broader panel followed by a second interview with the two judges of the court. It is reasonably inferred that

the judges are the ones who made the decision to hire her. There is nothing objective to indicate what may have swayed the judges to hire her. She served 11 years in her position as magistrate, all of which included Judge Kunz on the bench. He has been the administrative judge 8 of those years and [was ] the one who terminated her.

Included in the record is a "POSITION DESCRIPTION" for Magistrate. Under "DISTINGUISHING JOB CHARACTERISTICS," it reads, in part, "Serves at the pleasure of the Administrative Judge."

The court finds that the [SPBR] order is supported by reliable, probative, and substantial evidence and is in accordance with law (R.C. 2151.13) and is AFFIRMED.

(Doc. #17 at 1-2).

{¶ 6}   Before turning to Malhotra's arguments, we must consider the scope of our review. When reviewing an administrative appeal brought under R.C. 119.12, a trial court may affirm the agency's order "if it finds, upon consideration of the entire record and any additional evidence the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law." *Bartchy v. State Bd. of Edn.*, 120 Ohio St.3d 205, 2008-Ohio-4826, 897 N.E.2d 1096, ¶ 35-36, quoting R.C. 119.12. Our review is more limited. "'It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. The appellate court is to determine only if the trial court has abused its discretion.'" *Id.* at ¶ 41, quoting *Rossford Exempted Village School Dist. Bd. of Edn. v. State Bd. of Edn.*, 63 Ohio St.3d 705, 590 N.E.2d 1240 (1992).

{¶ 7} In her first assignment of error, Malhotra contends the trial court "erred in failing to set the matter for trial or in the alternative remanding same to the State Personnel Board of Review for an evidentiary hearing * * *." Malhotra contends a trial or remand was necessary to determine whether it was practicable for MCJC to hire magistrates through a competitive examination process and whether she actually went through such a process. Malhotra maintains that these issues were material to her status as a classified or unclassified employee and that the record was devoid of evidence on them. Therefore, she insists that a trial or a remand was necessary.

{¶ 8} Section 10, Article XV of the Ohio Constitution provides: "Appointments and promotions in the civil service of the state, the several counties, and cities, shall be made according to merit and fitness, to be ascertained, as far as practicable, by competitive examinations. Laws shall be passed providing for the enforcement of this provision." One law passed to implement or enforce Section 10, Article XV is R.C. 124.11. This court has recognized that "Ohio's civil service scheme is thus 'embedded in the Ohio Constitution,' and R.C. Chapter 124 was enacted to effectuate the civil service system." *State ex rel. Robinson v. Dayton*, 2012-Ohio-5800, 984 N.E.2d 353, ¶ 23 (2d Dist.), quoting *Chubb v. Ohio Bur. of Workers' Comp.*, 81 Ohio St.3d 275, 277, 690 N.E.2d 1267 (1998). In particular, R.C. 124.11(A) identifies thirty-two positions that are in the "unclassified service." These positions "shall not be included in the classified service" and "shall be exempt from all [competitive] examinations[.]"[1] *Id.* Under R.C. 124.11(A)(32), the unclassified service includes "[e]mployees placed in the unclassified service by another section of the Revised Code." Here the trial court correctly found that another

---

[1] In turn, R.C. 124.11(B) identifies positions in the "classified service" for which "it is practicable to determine the merit and fitness of applicants by competitive examinations."

section of the Revised Code, namely R.C. 2151.13, placed Malhotra in the unclassified service. In relevant part, R.C. 2151.13 provides: "The juvenile judge may appoint such bailiffs, probation officers, *and other employees as are necessary* and may designate their titles and fix their duties, compensation, and expense allowances. * * * *Such employees shall serve during the pleasure of the judge*." (Emphasis added).

{¶ 9}   As a magistrate, Malhotra was an "other * * * necessary" employee of MCJC. Therefore, pursuant to R.C. 2151.13, she served "during the pleasure of the judge." This means she was an unclassified employee. *State ex rel. Hunter v. Summit Cty. Human Resource Comm.*, 81 Ohio St.3d 450, 453, 692 N.E.2d 185 (1998) ("Under * * * [R.C.] 2151.13, juvenile court employees are at-will employees who are unclassified employees * * *. An unclassified employee is appointed at the discretion of the appointing authority and serves at the pleasure of such authority."). Malhotra concedes that the SPBR lacks jurisdiction over appeals by unclassified employees. *See* R.C. 124.03(A)(1); *Kingsley v. Ohio State Personnel Bd. of Review*, 10th Dist. Franklin No. 10AP-875, 2011-Ohio-2227, ¶ 25 ("SPBR hears appeals of employees when those employees are in classified state service. SPBR does not have jurisdiction to hear appeals of employees who are unclassified."). Therefore, the SPBR properly dismissed her appeal.

{¶ 10}  Contrary to Malhotra's argument, a trial or remand was not necessary to determine whether it was practicable for MCJC to hire magistrates through a competitive examination. By statute, Malhotra was an unclassified employee. The General Assembly effectively made a policy decision in R.C. 124.11(A)(32) and R.C. 2151.13 that it is not practicable for juvenile-court employees to be hired by competitive examination. As this court recognized in *Robinson*, supra, the purpose of R.C. Chapter 124 is to effectuate the mandate in

Section 10, Article XV of the Ohio Constitution that civil-service appointments be made according to merit and fitness, to be ascertained, as far as practicable, by competitive examinations. By categorizing some positions as classified and other positions as unclassified, the General Assembly has satisfied the requirements of Section 10, Article XV.

{¶ 11}   Nor are we convinced by Malhotra's argument that she actually participated in a competitive-examination process. In the affidavit the trial court refused to consider, Malhotra averred that her competitive examination consisted of two rounds of interviews, the second of which involved the administrative judge. (Malhotra affidavit attached to Doc. #14). We are unpersuaded that merely being interviewed for a job constitutes a "competitive examination."

{¶ 12}   In short, the record before the SPBR and the trial court established that Malhotra was employed by MCJC as a magistrate. By law, she served at the pleasure of the hiring judge and, therefore, qualified as an unclassified employee under R.C. 124.11(A)(32) and R.C. 2151.13. In light of these determinations, the SPBR plainly lacked jurisdiction over her appeal. *Hunter*, 81 Ohio St.3d at 453. That being so, we see no basis whatsoever for a trial or a remand to the SPBR.[2] Malhotra's first assignment of error is overruled.

{¶ 13}   In her second assignment of error, Malhotra claims the trial court erred in not

---

[2] In an administrative appeal from a SPBR order, a trial court may authorize the presentation of additional evidence or hold an evidentiary hearing. *See* R.C. 119.12 ("Unless otherwise provided by law, in the hearing of the appeal, the court is confined to the record as certified to it by the agency. Unless otherwise provided by law, the court may grant a request for the admission of additional evidence when satisfied that the additional evidence is newly discovered and could not with reasonable diligence have been ascertained prior to the hearing before the agency. * * * The hearing in the court of common pleas shall proceed as in the trial of a civil action, and the court shall determine the rights of the parties in accordance with the laws applicable to a civil action. At the hearing, counsel may be heard on oral argument, briefs may be submitted, and evidence may be introduced if the court has granted a request for the presentation of additional evidence."). We see no purpose for the presentation of additional evidence or a hearing here, however, where the question essentially is one of law based on a few uncontested facts.

considering the affidavit attached to the brief she filed. Malhotra asserts that "[t]he trial court in its decision misstates that during the telephone conference that [she] stated she would not be introducing evidence in this matter." (Appellant's brief at 5). According to Malhotra, she did not make such a statement. Therefore, she contends the trial court erred in failing to consider her affidavit.

{¶ 14} Malhotra's argument lacks merit for at least two reasons. First, the record contains no transcript or other recording of the telephone conversation. As a result, we must presume regularity and accept the trial court's representation that she declined the opportunity to submit evidence. On that issue, the record portrays no error. Second, we have reviewed the affidavit ourselves and find nothing in it that would alter our analysis or the outcome of this opinion. Therefore, we would find harmless error even if the trial court improperly had failed to consider the affidavit. Accordingly, the second assignment of error is overruled.

{¶ 15} In her third assignment of error, Malhotra asserts that the trial court erred in failing to engage in a de novo review of the pertinent statutory law as well as the Ohio Constitution. Specifically, she claims (1) that R.C. 2151.13 "is open to more than one interpretation" and need not be applied to all juvenile-court employees; and (2) that interpreting R.C. 2151.13 as applying to all employees, including magistrates, violates Section 10, Article XV of the Ohio Constitution.

{¶ 16} Neither argument is persuasive. As set forth above, R.C. 2151.13 provides: "The juvenile judge may appoint such bailiffs, probation officers, *and other employees as are necessary* and may designate their titles and fix their duties, compensation, and expense allowances. * * * *Such employees shall serve during the pleasure of the judge*." (Emphasis

added). Malhotra reasons that R.C. 2151.13 should not be read as including magistrates among the juvenile-court employees who serve at the pleasure of the judge and, therefore, are unclassified under R.C. 124.11(A)(32). We disagree. In our view, a juvenile-court magistrate qualifies as an "other * * * necessary" employee under the statute. We see nothing in R.C. 2151.13 indicating that magistrates were intended to be excluded from the statute.

{¶ 17} We also find no merit in Malhotra's contention that reading R.C. 2151.13 as applying to juvenile-court magistrates violates Section 10, Article XV of the Ohio Constitution. Malhotra notes that the constitutional provision makes an employee's status as classified or unclassified dependent on the amenability of his or her position to competitive examination. She then argues that the position of juvenile-court magistrate is amenable to competitive examination. Therefore, she reasons that reading R.C. 2151.13 (and R.C. 124.11(A)(32)) as making juvenile-court magistrates unclassified employees violates the Ohio Constitution. We disagree.

{¶ 18} As noted above, Section 10, Article XV of the Ohio Constitution provides: "Appointments and promotions in the civil service of the state, the several counties, and cities, shall be made according to merit and fitness, to be ascertained, as far as practicable, by competitive examinations. *Laws shall be passed providing for the enforcement of this provision.*" (Emphasis added). A law passed to implement this constitutional provision is R.C. 124.11, which divides positions into the classified and unclassified service. Pursuant to R.C. 124.11(A)(32), the unclassified service includes positions made unclassified by another Revised Code section. Here R.C. 2151.13 made Malhotra's magistrate position unclassified. Read together R.C. 124.11(A)(32) and R.C. 2151.13 do not violate Section 10, Article XV. Rather, they implement it. *See Robinson* at ¶ 23 (recognizing that "R.C. Chapter 124 was enacted to effectuate the civil

service system" created by Section 10, Article XV). In essence, Section 10, Article XV authorizes the General Assembly to determine which positions are amenable to competitive examination. *Murray v. Civil Service Comm. of Cincinnati*, 1st Dist. Hamilton No. C-820738, 1983 WL 5259, *2 (Oct. 19, 1983) (noting that "[p]ositions in the unclassified service are awarded on the basis of qualities which the General Assembly has decided cannot be determined by examination"); *see also Springfield Command Officers Assn. v. Springfield City Comm.*, 62 Ohio App.3d 301, 575 N.E.2d 499 (2d Dist.1990) ("Because Section 10, Article XV specifically provides for civil service legislation, we presume that when the General Assembly enacted the civil service statutes * * * it did so pursuant to Section 10, Article XV[.]"). Therefore, we are unpersuaded by Malhotra's claim that our (and the trial court's) reading of R.C. 2151.13 violates the Ohio Constitution. The third assignment of error is overruled.

{¶ 19}  The judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

FAIN and DONOVAN, JJ., concur.

Copies mailed to:

Jonathan A. Ketter
Rajshree Malhotra
Hon. Neal B. Bronson
(sitting for Judge Michael Tucker)